## RAIMOND *v.* TERREBONNE PARISH.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 88. Argued November 12, 1889. — Decided November 25, 1889.

Either a statement of facts by the parties, or a finding of facts by the Circuit Court, is strictly analogous to a special verdict, and must state the ultimate facts of the case, presenting questions of law only, and not be a recital of evidence or of circumstances, which may tend to prove the ultimate facts, or from which they may be inferred.

THIS was an action by a citizen of Mississippi against a parish in Louisiana upon certain bonds and coupons, amounting with interest to more than $5000 in value, alleged in the petition and denied in the answer to have been issued in accordance with the statute of Louisiana of March 23, 1874, c. 74, and to have been purchased by the plaintiff in good faith and before maturity.

After the case had been tried by the Circuit Court pursuant to an agreement of counsel in open court to waive the intervention of a jury, and judgment for the defendant had been rendered but not signed, and pending a motion for a new trial, the counsel of the parties filed an agreement in writing, waiving a jury, and submitting the case to the decision of the court upon what they called a "statement of facts," and stipulating that " the court shall find the facts in accordance therewith, and change [charge ?] the law so that a bill of exceptions may be made up or error be assigned to the Supreme Court."

That "statement of facts" consisted of a description of the instruments sued on; a reference to the plaintiff's deposition on file, testifying to the circumstances under which he purchased them; an abstract of the testimony of another witness

for the plaintiff to those circumstances; and a statement of the proof offered by the defendant as to the circumstances under which the bonds were issued.

The court, after setting forth the statement so filed, added this finding: "The court further finds that it was admitted on the trial herein that, as far as the facts were stated in the case of *Rabasse* v. *Police Jury of Terrebonne Parish*, in the opinion of Mr. Justice Manning, reported in 30 La. Ann. 287, they were a correct statement of the facts of this case, though each party claimed that there existed additional facts beyond those stated in said opinion."

The court found, as conclusions of law, "that the construction given to the statute authorizing the issue of bonds for the debts of said parish should in this cause, and as to the points determined in said cause by the Supreme Court of this State, — *i.e.*, *Rabasse* v. *The Parish*, — be deemed and held as the construction of a municipal law and not as that of a commercial law, and is therefore binding upon this court; and, further, that if said construction should be deemed and held as that of a commercial law, then the court adopts it as a just and proper inference from the facts of the case;" and "that the petition herein should be dismissed, and that there be judgment for the defendant."

The court thereupon signed the judgment previously rendered, which was as follows:

"The parties in this cause having in open court waived the intervention of a jury, and submitted the cause to the court on the facts set forth in the opinion by Mr. Justice Manning, in *Rabasse* v. *Parish of Terrebonne*, 30 La. Ann. 287, and the court, having considered the said agreed statement of facts and being advised in the premises, finds the issues of law raised by the pleadings in favor of the defendant; and, for the reasons assigned by the court in the opinion this day read and filed, it is ordered, adjudged and decreed, both the Circuit and District Judges concurring, that there be judgment in favor of the defendant, The Parish of Terrebonne, with costs, and against the demands of the plaintiff, Peter Raimond." 28 Fed. Rep. 773.

The plaintiff, without tendering a bill of exceptions, sued out this writ of error.

*Mr. Alfred Goldthwaite* for plaintiff in error.

*Mr. J. D. Rouse* and *Mr. William Grant* for defendant in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

Assuming the agreement in writing, waiving a jury, and submitting the case to the decision of the Circuit Court, to have been seasonably filed, the record is not in such a shape as to authorize this court to review that decision.

By the settled construction of the acts of Congress defining the appellate jurisdiction of this court, either a statement of facts by the parties, or a finding of facts by the Circuit Court, is strictly analogous to a special verdict, and must state the ultimate facts of the case, presenting questions of law only, and not be a recital of evidence or of circumstances, which may tend to prove the ultimate facts, or from which they may be inferred. *Burr* v. *Des Moines Co.*, 1 Wall. 99; *Norris* v. *Jackson*, 9 Wall. 125; *Martinton* v. *Fairbanks*, 112 U. S. 670.

In the present case, the pleadings present issues of fact. There is no bill of exceptions. The so-called statement of facts is mainly a recapitulation of evidence introduced by the parties at the trial. The case was not submitted to the decision of the court upon that statement only, but the court made a further finding as to what took place at the trial. That finding merely states that the parties admitted that, so far as the facts were stated in a certain reported opinion of the Supreme Court of Louisiana, they were a correct statement of the facts of this case; but that each party claimed that there existed additional facts, as to which there is no finding. On referring to that opinion, such facts as are there stated appear to be scattered through it, intermingled with statements of conflicting evidence, and with the court's conclusions of fact upon that

evidence, as well as with its conclusions of law. *Rabasse* v. *Police Jury of Terrebonne Parish*, 30 La. Ann. 287.

In short, there is nothing in the present case, which can be called, in any legal or proper sense, either a statement of facts by the parties, or a finding of facts by the court; and no question of law is presented in such a form as to authorize this court to consider it.

*Judgment affirmed.*