## KENTUCKY LIFE & ACC. INS. CO. v. HAMILTON.[1]

### (Circuit Court of Appeals, Sixth Circuit. May 8, 1894.)

### No. 134.

1. REVIEW—SPECIAL FINDINGS BY COURT—OPINION.

The recital in a judgment entry that the court delivered an opinion, and made a finding of all the issues in favor of plaintiff, does not make the opinion a part of the record and a special finding of facts, within Rev. St. § 700, providing that when an issue of fact is tried by the court, and its finding is special, the sufficiency of the facts found may be reviewed.

2. SAME.

An opinion which, so far as it deals with the facts, is a mere statement of part of the evidence, referred to and commented on for the purpose of supporting the judgment, and not the conclusion of court as to facts from the evidence, is not a special finding, within the statute.

3. SAME—BILL OF EXCEPTIONS.

A bill of exceptions embodying the evidence is not a special finding allowing review of the sufficiency of the facts.

#### On Rehearing.

4. SAME—AGREED STATEMENT.

An agreed statement of facts, on which judgment is rendered, consisting not of the ultimate facts, but of the evidence to be submitted to the court on the issues presented by the pleadings, is not the equivalent of a special finding of the facts, allowing review of their sufficiency.

5. SAME—STATE AND FEDERAL PRACTICE.

Rev. St. § 914, requiring the practice and pleadings in law cases in federal courts to conform to those of the state courts, does not apply to appellate proceedings, so as to require a determination on the merits on a record which would permit it in the appellate court of the state.

6. SAME—SUFFICIENCY OF PLEADING—QUESTION NOT RAISED BELOW.

The sufficiency of the pleadings to warrant a judgment may be passed on in the appellate court, though the question was not raised in the lower court.

7. LIFE INSURANCE—CONDITIONS OF POLICY.

A condition on the back of a life policy, under the title "Assignments," providing that it shall not be assigned without notice, "nor unless a claim hereunder made by assignee be subject to proof of interest, nor unless the amount recoverable hereunder by such assignee, an insurable interest, existing at the time of the assignment or transfer must be shown by all claimants at the time of claim hereunder; and claims by any creditors as beneficiary or assignee shall not exceed the amount of the actual bona fide indebtedness of the member to him existing at the time of said death," and the policy, as to amounts in excess thereof, shall be void, except the assignee be wife, child, parent, brother, or sister of the insured,—applies only to assignees, and, even if it did refer to original beneficiaries, would apply only to one made a beneficiary as a creditor, and not to one who subsequently became a creditor.

8. SAME—BENEFICIARY—INSURABLE INTEREST.

One not the wife, child, parent, brother, sister, or creditor of insured may have an insurable interest in his life.

9. SAME—PLEADINGS—SUFFICIENCY AFTER VERDICT.

An allegation by plaintiff that the policy in suit was not speculative, without affirmatively setting out an insurable interest, is sufficient, after verdict, on motion in arrest, and therefore on writ of error.

Appeal from the Circuit Court of the United States for the District of Kentucky.

[1] Rehearing denied.

Action by Charlotte A. Hamilton against the Kentucky Life & Accident Insurance Company. Judgment for plaintiff. Defendant brings error. Affirmed.

Marc Mundy, for plaintiff in error.

Azro Dyer, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and RICKS, District Judge.

LURTON, Circuit Judge. This was an action on a policy of insurance upon the life of Mrs. Sarah Ritter, the defendant in error being the beneficiary to whom the sum assured was to be paid on the death of Mrs. Ritter. A jury was waived by written stipulation entered of record, and the issue submitted to the court. The court found for the plaintiff, and rendered judgment for the full sum assessed, with interest. The errors assigned by the appellant are these:

"(1) The said court erred in construing that the charter of the defendant, the Kentucky Life & Accident Insurance Company, exhibited in the trial, authorized said company to issue wager policies of life insurance. (2) It nowhere appearing in this record that the claimant, Charlotte A. Hamilton, is the mother, sister, or daughter of the assured, Sarah E. Ritter, the court erred in adjudging to said claimant the maximum amount of the policy sued on, with interest. (3) The court erred in holding that the legislature of Kentucky did or could, by act chartering defendant, authorize it to make wager policies of insurance, and that said company could, under its charter, and did, by its policy, make a binding contract with Sarah E. Ritter, whereby it should pay to said Charlotte A. Hamilton, on the death of said Ritter, any sum exceeding the sum of indebtedness of said Ritter to said Hamilton. (4) The court erred in signing judgment for claimant, Hamilton, under the pleadings and evidence of the case."

Section 649 of the Revised Statutes provides that a jury may be waived, and issues of fact tried and determined by the court, upon a stipulation in writing. The finding of the court upon the facts may be general or special, and, by the statute, is given the same effect as the verdict of a jury. By section 700 the method of reviewing a judgment so rendered is provided. That section is in these words:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon an appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

There was no such special finding of facts by the court as required in order to enable this court to determine the sufficiency of the facts to support the judgment. The judgment entry was as follows:

"And on another day of said term of said court, to wit, on Tuesday, July 18, 1893, came said plaintiff, by Azro Dyer, her attorney, and said defendant, by Marc Mundy, its attorney, and it appearing that heretofore, to wit, on the 15th day of April, 1893, this cause was, by agreement of parties, submitted to the court for trial without the intervention of a jury; that afterwards, to wit, on the 31st day of May, 1893, the court delivered a written

opinion, and made a finding of all the issues in favor of the plaintiff, assessed her damages in the sum of five thousand dollars, with six per cent. interest from June 24, 1892; that afterwards, to wit, on the 1st day of June, 1893, the said defendant entered a motion for new trial upon written grounds filed,—the said motion for a new trial is now submitted to the court, and, the court being sufficiently advised, the said motion is overruled. It is therefore considered, ordered, and adjudged by the court that the plaintiff, Charlotte A. Hamilton, recover of and from the defendant, the Kentucky Life & Accident Insurance Company, the sum of five thousand dollars, with interest thereon at the rate of six per cent. per annum from the 24th day of June, 1892, until paid, also her costs herein expended, for which she may have executions. On motion of defendant, it is ordered that it do have fifteen days to file a bill of exceptions."

That entry recites that, "the court delivered a written opinion," "and made a finding of all the issues in favor of the plaintiff." This is nothing more than a general finding in favor of the plaintiff. The contention of the appellant is that the effect of the recital is to make the opinion a part of the record, and a special finding of facts, within the statute. We do not think the opinion thereby becomes a part of the record. It is a mere recital of the fact that an opinion had been read. The opinion did not become thereby a part of the judgment entry, and did not operate as a special finding of facts. The opinion is included in the transcript sent to us, but there is no minute entry making it a part of the record. It was properly included in the transcript under the 14th rule of this court, which requires the clerk of the circuit court "to transmit with the record a copy of the opinion or opinions filed in the case." This opinion does not purport to be a special finding of facts. Some parts of the evidence are referred to and commented on for the purpose of supporting the judgment. In so far as it deals with the facts, it is a mere statement of the evidence, and not the conclusion of the court as to the facts from the evidence. In Insurance Co. v. Tweed a like question arose. Mr. Justice Miller, on this subject, said:

"We are asked, in the present case, to accept the opinion of the court below, as a sufficient finding of the facts, within the statute, and within the general rule on this subject. But, with no aid outside the record, we cannot do this. The opinion only recites some parts of the testimony by way of comment in support of the judgment, and is liable to the objection, often referred to in this court, that it states the evidence, and not the facts as found from that evidence. Besides, it does not profess to be a statement of facts, but is very correctly called in the transcript, 'reasons for judgment.'" 7 Wall. 51.

In that case, counsel stipulated in the supreme court that certain parts of the opinion should be accepted as showing the material facts of the case. Upon this agreement the court permitted the opinion to stand for a special finding of facts. Whether that practice would be again followed is more than questionable. Here there is no such agreement. Upon the contrary, counsel for appellee has strenuously insisted in brief and argument that no case is here presented for review by this court, and that the opinion is not a special finding of the ultimate facts. We have, therefore, "no aid outside of the record," and we cannot treat the opinion as a finding of facts. Insurance Co. v. Tweed, supra; Dickinson v. Bank, 16 Wall. 250; Reed v. Stapp, 3 C. C. A. 244, 52 Fed. 641. In the latter case the court said:

"The practice adopted by counsel in this case, of seeking to have the opinion of the court fulfill the office of a finding, is not to be commended. The special finding of the statute is a specific statement of the ultimate facts proven by the evidence, determining the issues, and essential to sustain the judgment. It corresponds to the special verdict of a jury, and should be equally specific and comprehensive. It should declare all the ultimate facts established by the evidence, so that if they do not, in law, warrant the judgment, an appellate tribunal may direct such judgment thereon as the law adjudges upon the facts determined, and without the need of a new trial, as was done in Ft. Scott v. Hickman, 112 U. S. 150, 5 Sup. Ct. 56."

It seems to us very clear that the opinion found in this transcript should not be regarded as a special finding of facts. The facts submitted to the circuit court have been made a part of the record by bill of exceptions. The supreme court of the United States have frequently ruled that a bill of exceptions embodying the evidence is not the special finding which will enable an appellate court to review the evidence, and determine the sufficiency of the facts to support the judgment. The statute contemplates two distinct kinds of findings, to wit, general and special. "This," as observed by Mr. Justice Miller in Norris v. Jackson, 9 Wall. 127, "is in perfect analogy to the findings by a jury, for which the court is, in such cases, substituted by consent of the parties. In other words, the court finds a general verdict on all the issues for plaintiff or defendant, or it finds a special verdict." This special finding, said the court in that case, "is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest." "Whether the finding be general or special," (the statute) "gives it the same effect as the verdict of a jury; that is to say, it is conclusive as to the facts so found. In the case of a general verdict, which includes, or may include, as it generally does, mixed questions of law and fact, it includes both, except so far as they may be saved by some exception which the party has taken to the ruling of the court on the law." "In the case of a special verdict the question is presented as it would be if tried by a jury, whether the facts thus found require a judgment for plaintiff or defendant; and, this being matter of law, the ruling of the court on it can be reviewed in this court on that record. If there were such special verdict here we could examine its sufficiency to sustain the judgment. But there is none. The bill of exceptions, while professing to detail all the evidence, is no special finding of the facts. The judgment of the court, then, must be affirmed, unless the bill of exceptions presents some erroneous ruling of the court in the progress of the trial." The conclusions of the court in that case were thus summarized:

"If the verdict be a general verdict, only such rulings of the court, in the progress of the trial, can be reviewed as are presented by bill of exceptions, or as may arise on the pleadings. In such cases a bill of exceptions cannot be used to bring up the whole testimony for review any more than in trial by jury." "That, if the parties desire a review of the law involved in the case, they must either get the court to find a special verdict, which raises the legal propositions, or they must present to the court their propositions of law, and require the court to rule on them." "That objection to the admission or

exclusion of evidence, or to such rulings on the propositions of law as the party may ask, must appear by bill of exceptions."

That case has been repeatedly followed. See Insurance Co. v. Folsom, 18 Wall. 237; Cooper v. Omohundro, 19 Wall. 65; Crews v. Brewer, Id. 70; Dickinson v. Bank, 16 Wall. 250; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Bowden v. Burnham (Jan. 29, 1894) 8 C. C. A. 248, 59 Fed. 752.

There was no demurrer to the case stated in the pleadings, and no motion in arrest of judgment after the general finding for the plaintiff. No exceptions were taken upon evidence admitted or excluded, and no rulings made during the trial upon questions of law. I Cooper v. Omohundro, cited above, the court said:

"Where issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review * * * except the rulings of the circuit court in the progress of the trial; and the phrase, 'rulings of the court in the progress of the trial,' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general finding."

In the case of Martinton v. Fairbanks, also above cited, the court said:

"The theory of the plaintiff in error seems to be that the general finding in this case, like a general verdict, includes questions of both law and fact, and that by excepting to the general finding he excepts to such conclusions of law as the general finding implies. But section 649, Rev. St., provides that the finding of the court, whether general or special, shall have the same effect as the verdict of the jury. The general verdict of a jury concludes mixed questions of law and fact, except so far as they may be saved by some exception which the party has taken to the ruling of the court upon a question of law. * * * The provision of the statute that the finding of the court shall have the same effect as the verdict of a jury cuts off the right to review in this case."

The issues presented were mixed questions of law and fact. The finding being a general one, the legal questions supposed to be involved in the general result are not, on this record, open to review. It is accordingly ordered that the judgment of the circuit court be affirmed.

——————

## On Rehearing.

(July 3, 1894.)

An earnest petition for a rehearing of this cause has been filed, to which the court has given careful consideration.

1. It is insisted that the cause was heard below upon an agreed statement of facts, which is a part of the record by bill of exceptions; that such an agreed statement is equivalent to a special finding of facts by the court; that, therefore, the question, as presented on the writ of error, is whether the facts thus agreed upon require a judgment for plaintiff or defendant; and that, this being a matter of law, the ruling of the court below can be reviewed. An agreed statement of facts, upon which a judgment is founded, will be taken, on appeal or writ of error, as the equivalent of a special finding of facts. Bond v. Dustin, 112 U. S. 607, 5 Sup. Ct. 296; Supervisors

v. Kennicott, 103 U. S. 554; Lehnen v. Dickson, 148 U. S. 72, 13 Sup. Ct. 481. But the so-called "agreed statement of facts" does not purport to be a statement of the ultimate facts, but a mere agreement as to the evidence to be submitted to the court as bearing upon the issues presented by the pleadings. To treat the evidence thus submitted as an agreed statement of facts, equivalent to a special finding of facts, would require this court, on a writ of error, to examine the evidence as it was submitted to the court below, and confound all the distinctions which distinguish an appeal from a writ of error. The bill of exceptions sets out the numerous applications, notices, letters, policies, charters, and by-laws therein referred to as having been read upon the hearing. What ultimate facts are proven by all this evidence is not stated in the agreement itself, nor is there any special finding of facts based upon all this evidence by the trial judge. An agreed statement of facts, which will be accepted as the equivalent of a special finding of facts, must relate to and submit the ultimate conclusions of fact, and an agreement setting out the evidence upon which the ultimate facts must be found is not within the rule stated in Supervisors v. Kennicott, supra. In Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57, a like question arose as to the sufficiency of a so-called agreed statement of facts, in regard to which the court said, "The so-called statement of facts is mainly a recapitulation of evidence introduced by the parties at the trial."

Speaking as to the general subject, Mr. Justice Gray, for the court, said:

"By the settled construction of the acts of congress defining the appellate jurisdiction of this court, either a statement of facts by the parties, or a finding of facts by the circuit court, is strictly analogous to a special verdict, and must state the ultimate facts of the case, presenting questions of law only, and not be a recital of evidence or of circumstances which may tend to prove the ultimate facts, or from which they may be inferred." Id., 132 U. S. 194, 10 Sup. Ct. 57.

See, also, Minor v. Tillotson, 2 How. 392; Campbell v. Boyreau, 21 How. 223; Bond v. Dustin, 112 U. S. 606, 5 Sup. Ct. 296.

2. The next contention of the petition is that the appellant is entitled to have this cause determined upon its merits in this court and upon this record, if he would be entitled to have it heard upon the merits on a like record in the court of appeals of Kentucky. This argument is predicated upon the assumption that section 914, Rev. St., requiring the practice and pleading in civil causes on the law side of the circuit and district courts of the United States to conform to the practice and pleadings in the state courts, is applicable to appellate proceedings. In Re Chateaugay Ore & Iron Co., 128 U. S. 553, 9 Sup. Ct. 150, the court construed section 914 and held that it had no application whatever to proceedings under which it was sought to review a judgment of the circuit court. The manner or the time of taking proceedings intended to result in such review by this court is regulated either by the acts of congress or by the ancient common-law practice. The manner in which a judgment may be reviewed by this court when a jury has been waived

is the subject of express congressional enactment, as we have already shown.

3. The final contention of appellant is that the pleadings do not warrant any judgment, and that the determination of this question is a question of law arising solely upon the pleadings, and therefore open to review upon this record, under the assignment of errors. No demurrer was interposed by the defendant in the court below, and no motion in arrest of judgment was made after verdict, nor was this question pressed upon the argument of this case. The failure to demur or move in arrest of judgment is perhaps not important, for, if anything appears upon the record which would have been fatal upon a motion in arrest of judgment, that thing is equally fatal upon a writ of error. Slacum v. Pomery, 6 Cranch, 221; Bond v. Dustin, 112 U. S. 609, 5 Sup. Ct. 296; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481. In Slacum v. Pomery, cited above, Chief Justice Marshall, speaking for the court, said:

"It is not too late to allege as error in this court a fault in the declaration which ought to have prevented a rendition of the judgment in the court below."

The argument in support of the petition for a rehearing presents two questions of law as arising upon the pleadings. These questions are—First, that the pleadings do not show that the plaintiff bore to the assured the relation of "wife, child, parent, brother, or sister," and therefore she was debarred from any recovery on the policy in excess of the indebtedness of the assured to her, by operation of the condition found on back of contract of insurance; second, that, whether the condition indorsed on the policy was applicable to plaintiff or not, the policy was void, as a wager policy, for any excess over plaintiff's claim as a creditor. We will deal with these questions in the order stated.

The condition relied upon as limiting plaintiff's recovery to the amount of her claim as a creditor was upon the back of the policy exhibited as a part of the petition. It was a single condition, and appears under the title "Assignments." It was in these words:

"Assignments: This certificate shall not be assigned or transferred unless notice and copy of the assignment be given to said company, nor unless a claim hereunder made by assignee be subject to proof of interest, nor unless the amount recoverable hereunder by such assignee, an insurable interest, existing at the time of the assignment or transfer must be shown by all claimants at the time of claim hereunder; and claims by any creditors as beneficiary or assignee shall not exceed the amount of the actual bona fide indebtedness of the member to him existing at the time of said death, together with any payments made to the company under this certificate or policy of insurance by such creditor, with interest, and this certificate or policy of insurance, as to all amounts in excess thereof, shall be void (except such assignee shall bear to the member the relation of wife, child, parent, brother or sister), be limited to the value of the interest proven."

The answer denied that plaintiff bore either of the relations mentioned to the assured, but admitted that she was a creditor to the extent of $496.92, and entitled, as a creditor, to recover to that extent, but denied any other or greater liability. The reply of plaintiff concluded the pleadings. Among other things, this reply denied

that the policy sued on had been issued to her as a creditor, or to secure any indebtedness from the assured to her, and insisted that the indebtedness mentioned in the answer "was a mere incident growing out of the transactions of insurance set forth in the petition," and that the claim of this plaintiff upon the defendant, alleged in the petition, was not affected by her relation as a creditor, but was based upon the express contract of the defendant, for a valid consideration, to pay to the plaintiff the sum of $5,000 at the death of Mrs. Ritter, the assured.   The reply further denied that either the said assured or the plaintiff "were actuated by any speculative motive, but both acted in good faith, without fraud."   Under the Kentucky practice act, "every material allegation of a pleading must, for the purposes of the action be taken as true, unless traversed." Under this rule of pleading, every material fact set out in the defendant's answer as a defense must be taken as true, unless traversed either by the petition or reply.   The allegation that the plaintiff did not bear to the assured the relation of "wife, child, parent, brother, or sister" is not traversed by the petition or reply, and must be taken as true.   How does that fact affect the judgment?   The answer depends upon the application of the condition on back of policy to the plaintiff.   If plaintiff is within that condition, then her recovery must be limited by it.   Upon full and careful consideration, we agree with the judge who tried this case on circuit that the plaintiff is not included in nor affected by the condition relied upon to limit her recovery. · That provision or condition was intended to affect transfers of the certificate of insurance, and limits the recovery of an assignee.   Plaintiff was not an assignee, and did not sue as an assignee.   She sues as the payee named in the contract of insurance, and she must stand or fall upon that relation to the contract.   Appellant's contention that every beneficiary who happens to be a creditor at the death of deceased shall be limited in recovery to the amount of the debt, unless it is also shown that such creditor bore one or the other of the relations mentioned, is not supported by any fair construction of the words of the condition. That insistence rests alone upon the occurrence of the word "beneficiary" in the body of the condition, when referring to the extent to which an assignee might recover by reason of a creditor relation. The language of this condition is the language of the defendant company.   If its meaning be not plain, and it needs construction, it should be most strongly construed against the maker of the condition.   Insurance Co. v. Wright, 1 Wall. 468.   Looking to the signboard placed over the provision, and looking to all parts of the condition, we are of opinion that it was never intended to apply to any except transferees or assignees of the policy.   But, if wrong in this, it is clear that if the beneficiary was not made such as a creditor, nor because of that relation, the subsequent creation of a creditor relation is not affected by this provision.   Plaintiff, in her reply, denied that she was made beneficiary as creditor, and insisted that her debt arose subsequently, and as a mere incident.   This issue must, on this question, be treated as settled in favor of plaintiff. It follows that if she was not made beneficiary as creditor, nor

because of that relation, this provision cannot affect plaintiff, even if it was intended to limit the recovery of a creditor beneficiary to the amount of the debt so secured.

Appellant's second proposition is predicated upon the assumption that it is essential to recovery, in any action upon a contract of life insurance, and the plaintiff shall aver and prove an insurable interest in the life of the assured, and that in default of such averment the contract will be adjudged void, as a mere wager policy. The answer presented no other issue than that presented by the indorsed condition we have already discussed. It set out that plaintiff was not the "wife, child, parent, brother, or sister" of the assured, and sought to defeat a recovery upon the assumption that unless one of these relations existed there can be no recovery. As the reply was silent concerning this denial, it operated as an admission that none of those relationships existed. In support of the general proposition that a contract of insurance is void, as against public policy, and as a mere gambling speculation, unless the beneficiary has some insurable interest in the life of the person insured, appellant cites Basye v. Adams, 81 Ky. 375; Insurance Co. v. France, 94 U. S. 561; Crotty v. Insurance Co., 144 U. S. 621, 12 Sup. Ct. 749; Insurance Co. v. Schaefer, 94 U. S. 457. But there are other relations than those mentioned in the condition indorsed, and, if that condition has no application, then an action is maintainable by the plaintiff, unless the policy is void, as a mere wager policy. In the case of Insurance Co. v. Schaefer, supra, the court, through Mr. Justice Bradley, said: "Precisely what interest is necessary, in order to take a policy out of the category of mere wager, has been a subject of much discussion." He added that "the essential thing is that the policy shall be obtained in good faith, and not for the purpose of speculating upon the hazard of a life in which the insured had no interest." In the case of Loomis v. Insurance Co., 6 Gray, 399, Chief Justice Shaw, in discussing the question of an insurable interest, said:

"In discussing this question in this commonwealth [Massachusetts], we are to consider it solely as a question of common law, unaffected by the statute of 14 Geo. III., passed about the time of the commencement of the Revolution, and never adopted in this state. All, therefore, which it seems necessary to show, in order to take the case out of the objection of being a wager policy, is that the insured has some interest in the cestui que vie; that his temporal affairs, his just hopes, and well-grounded expectations of support, of patronage, and advantage in life, will be impaired,—so that the real purpose is not a wager, but to secure such advantages, supposed to depend upon the life of another. Such, we suppose, would be sufficient to prevent it from being regarded as a mere wager. Whatever may be the nature of such interest, and whatever the amount insured, it can work no injury to the insurers, because the premium is proportioned to the amount; and, whether the insurance be a large or small amount, the premium is computed to be a precise equivalent for the risk taken."

In the Schaefer Case, cited above, the court, after setting out the language of Chief Justice Shaw, said:

"We concur in these views, and deem it unnecessary to cite further authorities, all those of importance being gathered in the recent treatises on the subject. May, Ins. §§ 102–111; Bliss, Ins. §§ 20–31."

While the pleadings do not set out any particular·interest which the plaintiff had in the life of Mrs. Ritter, yet the reply, in almost the exact language of Mr. Justice Bradley, did set up that, "in all the insurance transactions described in the petition, neither said Sarah nor this plaintiff were actuated by any speculative motive, but both acted in good faith and without fraud." Defendant did not demur, and no motion in arrest of judgment, as we have already stated, was made after verdict. The most that appellant can now claim is that upon this writ of error any error appearing upon the record proper shall be now reviewed as it might have been after verdict upon a motion in arrest. Such a motion is not a substitute for a motion for a new trial, and only these material defects apparent on the record proper can be relied upon to sustain the motion, and the evidence is no part of the record for such a purpose. Carter v. Bennett, 15 How. 354; Bond v. Dustin, cited above. The rule at common law, as stated in 3 Bl. Comm. 394, and adopted by Mr. Black in his late work on Judgments, is that "exceptions that are moved in arrest of judgments must be much more material and glaring than such as will maintain a demurrer, or, in other words, many inaccuracies and omissions which would be fatal if early observed are cured by a subsequent verdict, and not suffered, in the last stage of a cause, to unravel the whole proceedings." Black. Judgm. § 89. The policy on its face shows no taint of illegality. The pleadings denied that it was obtained for any speculative purpose. This issue has been found for the plaintiff. It is too late, after verdict, to insist that the plaintiff should have gone further, and affirmatively set out some insurable interest. If good pleading required a more definite statement to take the case out of the category of a gambling transaction, the objection should have been made by demurrer, or presented in some form before verdict. The court will not now presume that the policy was a wager agreement, and unravel all that has been done. We are not prepared to say that it was not the duty of defendant, if it had reason to believe that it had been led into a mere gambling contract, to present that as a defense; that in the absence of such a defense the court will presume in favor of the validity of the agreement. It is, however, unnecessary now to pass upon this question. We content ourselves with holding that on the pleadings, as here presented, the judgment is not void. Petition dismissed.