LANG et al. v. BAXTER et al. (three cases).

(Circuit Court, D. Maine. September 30, 1895.)

Nos. 3, 4, and 5.

PRACTICE—TRIAL BY COURT—ADDITIONAL FINDINGS.
    Where a case has been tried by the court upon waiver of a jury, and the court has decided it. and made special findings covering the ultimate facts of the case, additional findings cannot afterwards be made upon the request of a party. Insurance Co. v. Boon, 95 U. S. 117, distinguished.

These were three actions at law by Edward M. Lang and others against Clinton L. Baxter and others to recover damages for alleged infringement of patents. Upon trial by the court without a jury, judgment was rendered for the defendants. 63 Fed. 827. Plaintiffs now make an application to the court to make additional findings of fact. Denied.

Price & Stewart and George E. Bird, for plaintiffs.
James A. Allen and Symonds, Snow & Cook, for defendants.

COLT, Circuit Judge.    Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury, by filing a stipulation in writing waiving a jury. "The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." When an issue of fact is tried and determined by the court without the intervention of a jury, "the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." Rev. St. §§ 649, 700.    In these cases, which were heard together, a stipulation in writing, waiving a jury trial, was duly filed, and on August 4, 1894, the court rendered a decision, and directed that judgment be entered in each case in favor of the defendants, and judgments were entered accordingly.    Finding of facts was made in each case by the court, and filed at the same time.    On September 18, 1894, at the request of the plaintiffs, the judgments were vacated, and the plaintiffs were allowed 30 days from September 18, 1894, within which to present a bill of exceptions in each case, and the cases were continued until the next term.    The plaintiffs then tendered the court a bill of exceptions in each case, which were exceptions to the finding of facts and conclusions of law made by the court.    Subsequently, on October 23, 1894, these bills of exceptions were withdrawn, and the present hearing was had upon the application of the plaintiffs requesting the court to make a further special finding of facts and conclusions of law in each case.    These are embodied in separate bills of exceptions.    During the progress of the trial no exceptions were taken by either party to the rulings of the court, and therefore there is nothing in these cases, strictly speaking, upon which to found a bill of exceptions.    Under these circumstances, the only question before the appellate court is whether the facts set forth in the special finding of the court are sufficient in law to support the judgment, and this may be reviewed on writ of error without any bill of exceptions.

The supreme court, in Insurance Co. v. Boon, 95 U. S. 117, 124, said:

"The act of congress which authorizes trials by the court (13 Stat. 500; Rev. St. §§ 649, 700) has enacted that the finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury; and that, when the finding is special, the review by the supreme court upon a writ of error may extend to the determination of the sufficiency of the facts found to support the judgment. No bill of exceptions is required, or is necessary, to bring upon the record the findings, whether general or special. They belong to the record as fully as do the verdicts of a jury. If the finding be special, it takes the place of a special verdict; and, when judgment is entered upon it, no bill of exceptions is needed to bring the sufficiency of the finding up for review."

In Allen v. Bank, 120 U. S. 20, 7 Sup. Ct. 460, Mr. Justice Gray, speaking for the court (page 30, 120 U. S., and page 460, 7 Sup. Ct.), said:

"When a jury is waived in writing, and the case tried by the court, the court's finding of facts, whether general or special, has the same effect as the

verdict of a jury; and, although a bill of exceptions is the only way of presenting rulings made in the progress of the trial, the question whether the facts set forth in a special finding of the court, which is equivalent to a special verdict, are sufficient in law to support the judgment, may be reviewed on writ of error without any bill of exceptions."

The finding of facts is strictly analogous to a special verdict, and must only state the ultimate facts of the case.

In Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. 57, the supreme court, by Mr. Justice Gray (page 194, 132 U. S., and page 57, 10 Sup. Ct.), said:

"By the settled construction of the acts of congress defining the appellate jurisdiction of this court, either a statement of facts by the parties or a finding of facts by the circuit court is strictly analogous to a special verdict, and must state the ultimate facts of the case, presenting questions of law only, and not be a recital of evidence or of circumstances which may tend to prove the ultimate facts, or from which they may be inferred."

Although the court has made a special finding of facts in these cases, the plaintiffs' counsel contends that it is within the discretion of the court at this stage of the proceedings to make an additional finding of facts, upon the authority of Insurance Co. v. Boon, supra. All that was decided in that case (Justices Clifford, Miller, and Field dissenting) was that, where no finding of facts had been made, the court might supply the omission, or might, by an order at a subsequent term, correct the record by incorporating into it nunc pro tunc a special finding of the facts upon which the judgment had been rendered; and the power to make this correction was put upon the ground that courts always had jurisdiction over their own records to make them conform to what was actually done at the time. The court, on page 127, said:

"In so holding we do not depart from anything we have ever decided respecting the power of a court to make up a case, after the expiration of a term, for bills of exceptions not claimed at the trial. This is not a case of that kind. It is the case of a correction of the record; not merely an allowance of exceptions never taken, and necessary to have been taken, to bring an interlocutory ruling upon it."

In the finding of facts in these cases I have found what seems to me to be the ultimate facts.

In Burr v. Des Moines Co., 1 Wall. 99, 102, the court said:

"The statement of facts on which this court will inquire if there is or is not error in the application of the law to them is a statement of the ultimate facts or propositions which the evidence is intended to establish, and not the evidence on which those ultimate facts are supposed to rest. The statement must be sufficient in itself, without inferences or comparisons or balancing of testimony, or weighing evidence, to justify the application of the legal principles which must determine the case."

The application to the court in these cases to make further findings of facts and conclusions of law must be denied, and judgment should be entered in each case for the defendants, and it is so ordered.