## UNITED STATES v. COLUMBIA & N. R. R. CO.

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

No. 3667.

1. **Appeal and error** ☞850(2)—**General finding of court, without jury, not reviewable.**

Under Comp. St. §§ 1266–1268, and Rev. St. § 649 (Comp. St. § 1587), the District Court's general finding, in action in which jury had been waived, that the railroad, from whom the United States government sought to recover penalties for violation of Hours of Service Act, § 2 (Comp. St. § 8678), was not engaged in interstate commerce, and therefore was not subject to the provisions of such act, was not reviewable on writ of error; Rev. St. § 700 (Comp. St. § 1668), making the sufficiency of facts to support a judgment subject to review, when the finding is special, being inapplicable.

2. **Trial** ☞388(1)—**Court, trying law case without jury, may refuse to make special findings.**

On the trial of an action at law without a jury, it was not error for the court to refuse to make special findings.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by the United States against the Columbia & Nehalen River Railroad Company. Judgment for defendant, and the United States brings error. Affirmed.

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lester W. Humphreys, U. S. Atty., and Thomas H. Maguire, Asst. U. S. Atty., both of Portland, Or., and James O. Tolbert, Sp. Asst. U. S. Atty., of Washington, D. C.

R. W. Wilbur, H. B. Beckett, and F. C. Howell, all of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. By its complaint filed in the court below the government sought to recover from the defendant railroad company penalties for five alleged violations of section 2 of the act of Congress known as the Hours of Service Act (34 Stat. p. 1415 [Comp. St. § 8678]), relating to telegraph operators, which reads as follows:

"Provided, that no operator, train dispatcher, or other employee who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four hour period in all towers, offices, places, and stations continuously operated night and day, nor for a longer period than thirteen hours in all towers, offices, places, and stations operated only during the day time, except in case of emergency, when the employees named in this proviso may be permitted to be and remain on duty for four additional hours in a twenty-four hour period on not exceeding three days in any week."

All of the alleged causes of action involved the same telegraph operator at the same station, the only difference being the number of hours he was required to work on the five days in question, which varied each day, according to the allegations, from 15 hours and 20 minutes to 18 hours and 30 minutes. It is therefore sufficient to state the first of the alleged causes of action, it being typical of all of them.

In brief, it is that the defendant company was a common carrier engaged in interstate commerce by railroad in the state of Oregon; that on September 1, 1919, at Kerry, Or., the defendant required and permitted its telegraph operator, J. G. Nash, to be and remain on duty for a longer period than 9 hours in a 24-hour period—that is, from 6 a. m. until 11:50 p. m. that night, a total of 17 hours and 50 minutes; that the Kerry office was one continuously operated night and day; and that Nash, while on duty at Kerry, used the telegraph or telephone in dispatching, reporting, transmitting, receiving, and delivering orders pertaining to and affecting the movement of trains engaged in interstate commerce.

The defendant company by its answer put in issue all of the allegations of the complaint.

By stipulation of the parties a jury was waived and the case tried to the court, which, after such trial, and on the 16th day of August, 1920, entered a general finding of facts in favor of the defendant, upon which judgment against the plaintiff was entered. Subsequently, and on the 13th day of December, 1920, the plaintiff in the case presented to the court a request for certain special findings of fact, which the court refused to grant, and to which refusal exceptions were entered.

It appears from the evidence contained in the bill of exceptions that the defendant to the action (defendant in error here) is an Oregon cor-

poration organized and existing for the transportation mainly of saw-logs to the Columbia river, but was required by the laws of that state (Lord's Oregon Laws, §§ 6857, 6858) to "afford all persons equal facilities for the transportation of freight upon payment or tender of reasonable transportation therefor." Its road extends from Kerry, a station on the Spokane, Portland & Seattle Railroad, southerly about 25 miles, all within the state of Oregon.

[1] The findings and judgment of the trial court, to which no objection or exception was taken, being to the effect that the defendant company was not engaged in interstate commerce, and therefore not subject to the provisions of the congressional act upon which the complaint is based, we see no escape from the conclusion that they are conclusive here, and that there is nothing for this court to review. Sections 649 and 700 of the Revised Statutes provide as follows:

"Sec. 649. Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record. file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Comp. St. 1918, § 1587.

"Sec. 700. When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." Comp. St. 1918, § 1668.

For the abolition of the Circuit Courts and the transfer of their powers and duties to the District Courts, see sections 1266–1268 of the Compiled Statutes of 1918. These statutory provisions are perfectly plain. The first cited is to the effect that where in an action at law a jury is duly waived and the trial had to the court the finding of the latter may be either general or special, and, whether the one or the other, shall have the same effect as the verdict of a jury; and section 700 is to the effect that where such an action is so tried and determined by the court without the intervention of a jury, the rulings of the court in the progress of the trial, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal, and when the finding is special such review may extend to the determination of the sufficiency of the facts found to support the judgment.

[2] It is apparent from the record that it presents no case to which the provisions of the last mentioned section can apply. And that, on the trial of an action at law without a jury, it is not error for the court to refuse to make special findings, is well settled. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Lehnen v. Dickson, 148 U. S. 71, 73, 13 Sup. Ct. 481, 37 L. Ed. 373. It may be well again to direct attention to the difference between the federal statutes and those of many of the states upon the subject. Judge Taft (now Chief Justice) did so in speaking for the Circuit Court of Appeals of the Sixth Circuit in the

case of Humphreys v. Third National Bank, 75 Fed. 852, 855, 21 C. C. A. 538, 541, where he said:

"The finding in favor of the plaintiff below was a finding which involved mixed questions of law and fact, and it was general in its form. It is well settled that in such a case nothing is open to review in this court except the rulings of the trial court in the progress of the trial, and that such rulings do not include the general finding of the Circuit Court, which performs the office and has the effect of a verdict of a jury; that is to say, it is conclusive as to the facts found. The strictness with which this rule is enforced is clearly set forth in the opinion of Judge Lurton, speaking for this court in Insurance Co. v. Hamilton, 22 U. S. App. 386, 11 C. C. A. 42, and 63 Fed. 93, where all the decisions of the Supreme Court upon the subject are fully reviewed. This practice in the federal courts of appeal differs from that in the state courts of this circuit where it is open to counsel on writ of error by exception to a general finding to raise the question in the appellate court of the sufficiency of the evidence as a matter of law to sustain such finding. We fear that this difference in the practice is not sufficiently well known to counsel, and we think that their attention should be especially directed to the very technical and severe rule of the federal appellate courts in this respect. When a party in the Circuit Court waives a jury, and agrees to submit his case to the court, it must be done in writing; and if he wishes to raise any question of law upon the merits in the court above he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, it is possible for him to review completely the action of the court below upon the merits. A general finding in favor of the party is treated as a general verdict. A general verdict cannot be excepted to on the ground that there was no evidence to sustain it. Such a question must be raised by a request to the court to direct a verdict on the ground of the insufficiency of the evidence. If the views which the court takes of the law are deemed to be prejudicial to a party, he is required to except to the charge at the time that it is delivered, indicating those parts of it to which he objects. Where a cause is submitted to the court, however, the court cannot, in the nature of things, charge itself, and therefore no opportunity is presented to the party objecting to the views which the court entertains of the law to take his exceptions, unless he procures special findings of fact to be made and special conclusions of law to be drawn therefrom. We regret that in a number of cases brought before us the submission of a law case to a court upon stipulation has proved a trap to counsel in this court, and we say what we have with the hope that it may direct the attention of those who shall bring cases here in the future to the fact that great care must be taken in the preparation of a case for error proceedings, when no jury intervenes. The result in this case is that the general finding in favor of the plaintiff cannot be disturbed, because it involves a mixed question of law and fact, and is not reviewable here. We can only examine the rulings of the court on the evidence as shown in the bill of exceptions."

The judgment is affirmed.