FRED W. MEARS HEEL CO., Inc., v. WALLEY.

No. 2890.

Circuit Court of Appeals, First Circuit.

June 14, 1934.

Rehearing Denied July 12, 1934.

Walter Bates Farr, of Boston, Mass., and Freeman & Freeman, of Portland, Me. (Eben Winthrop Freeman, of Portland, Me., on the brief), for appellant.

Francis W. Sullivan, of Portland, Me. (Lauren M. Sanborn, of Portland, Me., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Maine in an action at law to recover damages for failure to accept certain lumber which the defendant-appellant agreed to purchase of the plaintiff-appellee. The parties will be hereinafter referred to as plaintiff and defendant. The plaintiff is a resident of Sherbrooke in the Dominion of Canada. The amount of the judgment was $5,416.16, with interest from August 3, 1933.

The record states that "By agreement of counsel this case was heard before Judge Peters without the aid of a jury." If a jury trial was not duly waived in accordance with section 773, title 28, USCA, the judge in hearing the case acted as an arbitrator or referee, and the only issue of law for consideration of the court is whether the pleadings support the judgment. Campbell v. United States, 224 U. S. 99, 105, 32 S. Ct. 398, 56 L. Ed. 684.

Assuming a jury was duly waived in this case under section 773, title 28, USCA, in order to raise a question of law, special findings of fact must be made and exceptions taken to such findings on the ground that they are not supported by any evidence, or a special finding of all the ultimate facts must be made, in which case, on motion for judgment by either party, the correctness of the trial court's final conclusion may be tested in a court of review.

"As to what is necessary in special findings or in an agreed statement of facts, the authorities are decisive. It is held that upon a trial by the court, if special findings are made, they must be not a mere report of the evidence, but a finding of those ultimate facts on which the law must determine the rights of the parties; and if the finding of facts be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by a bill of exceptions; and in such case the bill cannot be used to bring up the whole testimony for review, any more than in a trial by jury." Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 127, 22 S. Ct. 55, 58, 46 L. Ed. 113.

"The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. Insurance Co. v. Tweed, 7 Wall. 44, 51, 19 L. Ed. 65; Dickinson v. Planters' Bank, 16 Wall. 250, 257, 21 L. Ed. 278; Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 S. Ct. 57, 33 L. Ed. 309; British Mining Co. v. Baker Mining Co., 139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147; York v. Washburn, 64 C. C. A. 132, 129 F. 564, 566; United States v. Stock Yards Co., 92 C. C. A. 578, 167 F. 126, 127. And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. (Citations omitted.) To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them." Fleischmann Const. Co. v. United States, 270 U. S. 349, 355, 356, 46 S. Ct. 284, 287, 70 L. Ed. 624.

Again, in Humphreys v. Third National Bank (C. C. A.) 75 F. 852, 855, the court said: "He should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and ex-

cepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits."

Also see Norris v. Jackson, 9 Wall. 125, 128, 19 L. Ed. 608; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; St. Louis v. Western Union Telegraph Co., 166 U. S. 388, 390, 17 S. Ct. 608, 41 L. Ed. 1044; Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 415, 41 S. Ct. 524, 65 L. Ed. 1020; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478; United States v. Smith (C. C. A.) 39 F.(2d) 851.

The second count of the plaintiff's declaration was based on an order of the defendant, No. 1200, under date of July 19, 1929, for 250,000 feet of 8x4, and 150,000 feet of 9x4 maple plank at definite prices. The order contained the following provision: "(This order will be void if there is a tariff tax.)"

The third count was based on an order of the defendant, No. 1417, dated December 4, 1929, for 200,000 feet of 8x4 maple plank at definite prices. This order contained no provision as to the effect of a tariff tax thereafter imposed, though both parties agree that the same provision should have been inserted as was contained in the order of July 19, 1929.

A tax on Canadian lumber was imposed in the Revenue Act of 1932. The court found, however, that the provision as to the tariff tax was inserted solely for the benefit of the plaintiff, and that as a matter of law it could be waived by the plaintiff. Stewart v. Griffith, 217 U. S. 323, 30 S. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639. The court also found on the evidence that it was waived. If waived by the plaintiff, any effect of the provision as to the tariff tax is out of the case.

The defendant requested the following rulings of law:

"1. That under the evidence the plaintiff is not entitled to recover under the second count relating to order #1200.

"2. That under all the evidence the plaintiff is not entitled to recover on the third count relating to order #1417.

"3. That the tariff tax having been imposed by law June 6, 1932, contract #1200 was thereby and thereupon terminated, and both parties thereto were thereby released from further performance.

"4. That the tariff tax having been imposed by law June 6, 1932, contract #1417 was thereby and thereupon terminated, and both parties thereto were thereby released from further performance."

The effect of these rulings was to request that judgment be entered for the defendant.

The court closed its opinion by stating that the requests for findings and rulings were refused except as they were embodied or implied in its opinion.

The bill of exceptions, as allowed, stated that exceptions were taken to the refusal to give the rulings above requested and to certain rulings made in the opinion.

█ There were no special findings of all the ultimate facts in this case, and, so far as there were conclusions of fact stated in the opinion, it cannot be said they were without any substantial evidence to support them, and the refusal of the requests for rulings that on the evidence the plaintiff was not entitled to recover was justified.

The alleged erroneous rulings of the judge in his opinion are either not subject to exception, or are findings of fact, or the exceptions are without merit.

█ Whether the court in a jury waived case shall make special findings is discretionary, and its refusal is not subject to exception.

█ Under the judge's findings and rulings, whether the tariff tax provision applied to order No. 1417 is immaterial, he having ruled its effect out of the case as to both orders. The alleged ruling that the tariff tax provision was inserted for the benefit of the plaintiff is not a ruling of law, but a finding of fact and supported by substantial evidence.

█ There was no error in holding that the word "void" could be construed as voidable at the option of the plaintiff after the judge's finding that it was inserted for the benefit of the plaintiff; and the alleged ruling that the tariff tax furnished no ground of defense to either order was not prejudicial for reasons stated above.

█ The alleged ruling that there was a default prior to June 6, if erroneous, was not prejudicial, as the effect of the tariff tax was out of the case, since the court held it was waived by the plaintiff, and on September 6, 1932, and before suit was brought, there was a clear refusal by the defendant to accept more lumber.

The judgment of the District Court is affirmed, with costs and interest from date of judgment.