## SUPERVISORS *v.* KENNICOTT.

1. A stipulation, signed by the parties or their attorneys, and filed with the clerk of the Circuit Court, submitting a civil cause for trial on an agreed statement of facts, is "a stipulation in writing waiving a jury," within the meaning of sect. 649 of the Revised Statutes.
2. This court has authority, under sect. 700 of the Revised Statutes, to determine, as in case of a special verdict, whether the facts set forth in such statement are sufficient in law to support the judgment, although the finding of the Circuit Court on them be in form general.
3. An appeal was taken by a county from a decree of foreclosure rendered against it upon a mortgage of its lands, to secure the bonds of a railroad company. The decree was affirmed, and the costs of the appeal were paid. *Held*, that the liability of the county and its sureties upon the *supersedeas* bond is limited to such damages as resulted from a delay in the sale of the lands, and does not include the balance remaining unpaid of the decree after applying thereto the proceeds of the sale, nor the interest thereon which accrued pending the appeal.

ERROR to the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion of the court.

The case was argued by *Mr. C. C. Boggs* for the plaintiff in error, and by *Samuel J. Crooks* for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The County of Wayne, Illinois, mortgaged its swamp and overflowed lands to secure an issue of bonds by the Mt. Vernon Railroad Company. The county was in no way bound for the payment of the debt. It simply mortgaged its lands for the benefit of the company. Default having been made in the payment of the bonds, a suit was begun in the Circuit Court of the United States for the Southern District of Illinois to foreclose the mortgage. In this suit a decree was entered, June 25, 1874, finding the amount due from the company on its bonds, and directing that the lands of the county be sold and the proceeds applied to the debt. From this decree the county appealed to this court, giving a bond, with a large number of persons as sureties, in the penal sum of $40,000, conditioned according to law, for a *supersedeas*. At the October Term,

1876, the decree below was affirmed here with costs and the cause remanded. *Supervisors* v. *Kennicott*, 94 U. S. 498.

This was a suit on the appeal and *supersedeas* bond, the allegations in the declaration as to damages being as follows: —

"A large amount of damages hath accrued to the said plaintiffs by the failure of the said board of supervisors to make good their plea, to wit, the amount of $100,000, consisting of $40,000 of interest which accrued on said decree during the pendency of said appeal, which is wholly unpaid, and of $200,000 of said decree remaining unsatisfied by sale of the lands ordered by said decree, and of $50,000 depreciation in the value of said lands during the pendency of said appeal, and of $25,000, attorneys' fees for attending to said appeal, and $50,000 taxes on said lands during the pendency of said appeal."

The bill of exceptions shows that the case was submitted to the court on an agreed state of facts, it being stipulated "that pleas proper in such case were on file." This agreed statement purported to be signed by the attorneys for the plaintiff, the attorney for the county, and the attorney for the sureties on the bond. The part material to the questions presented here is as follows: —

"It is further agreed, that, so far as the right of recovery in this case is concerned, it shall be deemed and considered that a sale of the lands in the decree described had been made and approved by the court before the commencement of this suit, and that the lands in the decree and mortgage and trust deed mentioned did not bring enough at said sale to satisfy and pay the amount due the complainant under the decree as holders of the bonds of said railroad company by an amount largely over the amount of the appeal bond in this cause sued on, and that the interest at the legal rate on the aggregate amount of the bonds of the railroad company found due the complainants as established by the decree during the pendency of said appeal would amount to a sum largely exceeding the amount of the appeal bond in this cause sued on."

It was further admitted, as appears of record, that the costs of the appeal had been paid.

Upon the facts so stated and agreed the court found generally for the plaintiffs on the issue and that they had sustained damage to the amount of $40,000, the penalty of the bond. Judgment was given accordingly. To reverse that judgment this writ of error has been prosecuted.

It is contended by the defendants in error that the case cannot be re-examined here on its merits, — 1, because the record does not show that a "stipulation in writing waiving a jury" was filed with the clerk, as required by sect. 649 of the Revised Statutes; and, 2, because the finding of the court was in form general, and not special, as required by sect. 700.

1. As to the waiver of a jury. The record does contain a stipulation in writing signed by the attorneys of the respective parties, submitting the cause to the court for trial on the agreed facts. As a case cannot be submitted to the court for trial without waiving a jury, a stipulation to submit, especially if it be on agreed facts, is of itself a sufficient waiver to meet the requirements of sect. 649.

2. As to the finding. Even before the act of 1865, c. 86, sect. 4 (13 Stat. 501, reproduced in sects. 649 and 700, Rev. Stat.), it was always held that a judgment on agreed facts spread at large on the record could be reviewed here on a writ of error. *United States* v. *Eliason*, 16 Pet. 291; *Stimpson* v. *Baltimore & Susquehanna Railroad Co.*, 10 How. 329; *Graham* v. *Bayne*, 18 id. 60; *Suydam* v. *Williamson*, 20 id. 427; *Campbell* v. *Boyreau*, 21 id. 223; *Burr* v. *Des Moines Company*, 1 Wall. 99. Such a statement was considered to be equivalent to a special verdict and to present questions of law alone for the consideration of the court. It is manifest that the act of 1865 was not intended to interfere with this practice. The evident object of that legislation was to give special findings the same effect for the purposes of a writ of error as a special verdict or an agreed case.

This record shows distinctly that the court was only required to determine whether in law, on the agreed facts, the defendants were liable on their bond. It is true that in the judgment as entered it is stated that the court found the issue in favor of the plaintiffs, but that, when read in connection with the bill of exceptions, is no more than a declaration that the court

found the law to be in favor of the plaintiff on the case as stated.

There were in fact no pleadings after the declaration, and the effect of the stipulation that pleas proper to the case were on file was that the pleadings presented in form the case as stated, and left nothing for the court to do but to enter judgment thereon. There was no issue but of law, and that the court found for the plaintiffs. The same case is brought here by the record, and we are entirely satisfied it is one we have the power to review.

This brings us to the consideration of the assignment of errors, which is to the effect that the court was wrong in giving judgment for the plaintiffs. Sect. 1000 of the Revised Statutes provides that when an appeal " is a *supersedeas* and stays execution," the security must be that the appellant " shall prosecute his appeal to effect, and, if he fails to make his plea good, shall answer all damages and costs." In regulating the practice under this statute, we, by our Rule 29, provide that in suits on mortgages " indemnity . . . is only required in an amount sufficient to secure the sum recovered, for the use and detention of the property, and the costs of the suit, and ' just damages for delay,' and costs and interest on the appeal." The damages to be answered for are clearly only such as are incident to the plea that fails, that is to say, the appeal that is taken.

The appeal of Wayne County was from a decree which subjected its lands to the payment of the debt of the railroad company. By taking the appeal no new obligations were assumed in respect to the debt. Clearly, then, the damages which the county and its sureties bound themselves to answer must have been such only as followed from the delay in the sale of the property. That does not necessarily imply an obligation to pay the balance which remains of the mortgage debt after the entire proceeds of the lands have been applied to its satisfaction.

In *Jerome* v. *McCarter* (21 Wall. 17), we held that our rule did not require security for the payment of all the accumulation of interest on the mortgage debt pending the appeal, but only indemnity against loss by reason of such accumulation.

the amount of which would depend in each case on its own facts.

The damages in this case claimed by the plaintiffs are, 1, for interest on the debt which accrued during the appeal; 2, the balance of the decree which remained unsatisfied after the sale; 3, depreciation in the value of the lands; 4, attorney's fees; and, 5, taxes on the lands. No claim is made for the use and detention of the property otherwise than in this way. The agreed case shows that there was an accumulation of interest on the debt during the appeal largely exceeding the penalty of the bond, and that a balance of the mortgage debt, also much more than the penalty of the bond, was left unpaid when the proceeds of the sale had all been applied in accordance with the terms of the decree. This is the extent of what was agreed on. There is no statement that the lands had depreciated in value or that taxes had accumulated. Neither is it stated that any loss had actually accrued to the appellees by reason of the stay of sale. So far as appears, the lands may have increased in value to an amount larger than the accumulation of interest, and the taxes may have been paid. The single question, therefore, was presented to the court, whether on the agreed facts the county and its sureties were liable in law to the extent of their bond for the accumulation of interest or the balance of the mortgage debt. The judgment was to the effect that they were. In this we think there was error. Upon the agreed facts no damages had resulted from the appeal for which the county could in law be required to answer, and the judgment should have been for the defendants.

There were other rulings presented by the bill of exceptions, but as upon the whole case as made there can be no recovery, we have considered it unnecessary to state them.

The judgment of the Circuit Court will be reversed and the cause remanded for further proceedings to be had therein not inconsistent with this opinion; and it is

*So ordered.*