622

## PERRY v. WIGGINS.
### No. 9154.

Circuit Court of Appeals, Eighth Circuit.
Aug. 17, 1931.

As Modified 'on Denial of Rehearing, Nov. 13, 1931.

Supplemental Petition for Rehearing Denied May 2, 1932.

Paul Bakewell, Jr., of St. Louis, Mo., for appellant.

Daniel N. Kirby, of St. Louis, Mo. (Ethan A. H. Shepley, of St. Louis, Mo., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and YOUMANS, District Judge.

GARDNER, Circuit Judge.

This is an action at law to determine adverse claims to an undivided one-twelfth interest in certain real estate situate in the city of St. Louis, Mo., as provided for by certain Missouri statutes which permit such an action, even though neither of the parties is in actual possession of the property. A jury was waived by stipulation in writing, and the facts as agreed upon were submitted to the court in form of stipulation. As stated in appellant's brief, "while both parties claim under the will of John E. Liggett, this is not an action in equity to construe said will, but is an action at law to determine legal titles derived under said will." The court entered judgment in favor of the appellee, and in connection therewith entered specific findings, embodying by reference the stipulated facts. There was no request for declarations of law, and no exceptions were filed to the findings or declarations of law contained in the judgment, and, in fact, no exceptions of any kind are contained in the record. In this condition of the record, what is presented for review in this court?

Section 875, title 28, USCA, provides: "When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Section 773, title 28, USCA, provides: "Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

It is well settled that in the absence of such a stipulation, the review of an action at law tried by the court without a jury is limited to questions arising on the primary record, consisting of the process pleadings and judgment. Commissioners of Road Improvement Dist. # 2 v. St. Louis S. W. Ry. Co., 257 U. S. 547, 42 S. Ct. 250, 66 L. Ed. 364; Duignan v. United States, 274 U. S. 195, 47 S. Ct. 566, 71 L. Ed. 996; National City Bank v. Kimball Commercial & Savings Bank (C. C. A. 8th) 2 F.(2d) 461. In law actions, the questions open for review on appeal to this court are by statute limited to errors of law. Section 879, title 28, USCA; Federal I. C. Bank v. L'Herisson (C. C. A. 8th) 33 F. (2d) 841; First Natl. Bank v. Litteer (C. C. A. 8th) 10 F.(2d) 447; Wear v. Imperial Glass Co. (C. C. A. 8th) 224 F. 60; White v. United States (C. C. A. 10th) 48 F.(2d) 178, 179.

Section 773, title 28, USCA, provides that the findings of the court may be either general or special, and shall have the same effect as the verdict of a jury. A general finding in a jury-waived case has the effect of the general verdict of a jury, and where a party interposes a motion for judgment in his favor, or asks for a declaration of law that he is entitled to judgment, he may, on appeal, raise the question of law whether he was entitled to judgment upon all the evidence, and this question, if preserved by a proper bill of exceptions, will be reviewed notwithstanding a general finding in favor of the adverse party. Maryland Casualty Co. v. Jones, 279 U. S. 792, 49 S. Ct. 484, 73 L. Ed. 960; Barnard v. Randle (C. C. A. 8th) 110 F. 906; Seep v. Ferris-Haggarty Co. (C. C. A. 8th) 201 F. 893.

Where the parties make and file a stipulation of the ultimate facts, or the court makes specific findings of the ultimate facts, then, on appeal, the sufficiency of such facts to support the judgment presents a question of law which is reviewable, even though no exceptions were saved. Seeberger v. Schlesinger, 152 U. S. 581, 14 S. Ct. 729, 38 L. Ed. 560; Abernathy v. Oklahoma (C. C. A. 8th) 31 F.(2d) 547; Tatum v. Davis (C. C. A. 8th) 283 F. 948; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113; United States Tr. Co. v. New Mexico, 183 U. S. 535, 22 S. Ct. 172, 46 L. Ed. 315; White v. United States (C. C. A. 10th) 48 F.(2d) 178, 179.

Such a stipulation as to facts, or such special findings must be of ultimate facts, as distinguished from the evidentiary facts. Wilson v. Merchants' L. & T. Co., supra; United States Trust Co. v. New Mexico, supra; United States v. Sioux City Stock Yards (C. C. A. 8th) 167 F. 126.

If the agreed facts in this case, or the special findings made by the lower court, are ultimate facts, then the record presents questions for review. If, however, the agreed facts and the special findings of fact are merely evidentiary in their nature, they may not be examined on this record for the purpose of determining whether the evidentiary facts support the judgment rendered, because no exceptions were saved in the record. The practice is settled by controlling precedents of the Supreme Court of the United States. Wayne County v. Kennicott, 103 U. S. 554, 26 L. Ed. 486; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 22 S. Ct. 55, 58, 46 L. Ed. 113; United States Trust Co. v. New Mexico, 183 U. S. 535, 22 S. Ct. 172, 174, 46 L. Ed. 315; Tatum v. Davis (C. C. A. 8th) 283 F. 948; Abernathy v. Oklahoma (C. C. A. 8th) 31 F.(2d) 547; White v. United States (C. C. A. 10th) 48 F.(2d) 178, 179.

In Wilson v. Merchants' L. & Tr. Co., supra, in discussing this question of practice, the Supreme Court said:

"The result of the decisions under the statutes providing for a waiver of trial by jury, and the proceedings on a trial by the court (Rev. Stat. §§ 649, 700), is that when there are special findings they must be findings of what are termed ultimate facts, and not the evidence from which such facts might be but are not found. If, therefore, an agreed statement contains certain facts of that nature, and in addition thereto and as part of such statement there are other facts of an evidential character only, from which a material ultimate fact might be inferred, but which is not agreed upon or found, we cannot find it, and we cannot decide the case on the ultimate facts agreed upon without reference to such other facts. In such case we must be limited to the general finding by the court. We are so limited because the agreed statement is not a compliance with the statute. * * *

"In this case the finding is general, and, strictly construing the statute, the only questions which would be reviewable would be those questions which arose during the progress of the trial, and which were presented by bill of exceptions. It has, however, been held that where there was an agreed statement of facts submitted to the trial court and upon which its judgment was founded, such agreed statement would be taken as an equivalent of a special finding of facts. Supervisors v.

Kennicott, 103 U. S. 554, 26 L. Ed. 486. But as such equivalent, there must of course be a finding or an agreement *upon all ultimate facts, and the statement must not merely present evidence from which such facts or any of them may be inferred."* (Italics ours.)

Again the Supreme Court, in United States Trust Co. v. New Mexico, supra, in an opinion by Mr. Justice Brewer, said: "An agreed statement of facts may be the equivalent of a special verdict or a finding of facts upon which a reviewing court may declare the applicable law, if such agreed statement is of the ultimate facts, but if it be merely a recital of testimony or evidential facts, it brings nothing before an appellate court for consideration."

In view of these limitations upon this court, it is necessary to examine the nature of the agreed statement of facts and the special findings, for the purpose of determining whether they are ultimate facts, or only evidential in character. The agreed statement is in paragraphs bearing numbers. Paragraph 1 recites the death of John E. Liggett, leaving a will, which was probated, and then sets out a copy of the will. Paragraph 2 recites that there were two codicils to the will, but they are irrelevant here. Paragraph 3 enumerates the heirs, next of kin, and legatees of Liggett. Paragraph 4 recites that John E. Liggett, Jr., a devisee under the will, became thirty years of age on April 4, 1916, and that the trusts created by the will, partly for the benefit of said John E. Liggett, Jr., terminated, and that by decree of the circuit court of the city of St. Louis, Mo., there was divided and allotted to said John E. Liggett, Jr., a one-fourth share of the trust estate. Paragraph 5 recites the parties to the suit mentioned, including the trustees and all of the then living descendants of the testator; that the purpose of the suit included the ascertainment and adjustment of what assets were then held in said trusts, and adjudication that the trust period had expired, the settlement and approval of accounts of the trustees, and a division, allotment, and distribution to John E. Liggett, Jr., of his interest in the trust estate. Paragraph 6 recites that by the decree, the remaining three-fourths share of the trust estates was divided and allotted to the beneficiaries of the trust, other than Liggett, Jr., and the trustees were directed to make delivery and to convey to Cora B. Fowler, Dollie L. Kilpatrick, and Ella L. Wiggins, the several items of real estate, and then sets out a quotation from the decree, showing the disposition of the property under the decree, and recites that the plaintiff in this case was a party defendant in the state suit. Paragraph 7 recites that the real estate described in the amended petition was included in the property allotted to the three daughters of John E. Liggett by the decree above mentioned. Paragraph 8 recites that the three above-mentioned parties filed suit in June, 1920, in the circuit court of St. Louis, Mo., to construe the will. Paragraph 9 recites and enumerates the parties to the suit mentioned in paragraph 8. Paragraph 10 recites that the plaintiff in this case was served with process in the suit mentioned in paragraph 8. Paragraph 11 sets out the allegations of the petition in the suit mentioned in paragraph 8. Paragraph 12 recites various appearances. Paragraph 13 recites the appearance of certain minors, opposing the purpose of the suit, and sets out an abstract of the pleadings. Paragraph 14 sets out various appearances in said suit and the contentions of the parties. Paragraph 15 sets out appearances, contentions, and the nature of the pleadings of the various parties. Paragraph 16 recites that no copy of any pleading filed by the trustee under the will of John E. Liggett, was served upon the plaintiff in this action, and no copy of any pleading, except the petition of the plaintiff in said action, was served on the plaintiff in this action, and that she filed no pleading, but made default. Paragraph 17 recites that the said cause was heard and submitted on the issues pleaded, the evidence, briefs, and oral arguments, and resulted in judgments for the defendants; that the form of decree was prepared by counsel for the defendants, and various excerpts from the decree as entered are set out in this paragraph 17. Paragraph 18 recites that the cause was appealed to the Supreme Court of Missouri and "that the appellant's printed abstract of the record in said cause; to-wit, Ella L. Wiggins et al. v. Mary Lois Perry et al., No. 25037, in the Supreme Court of Missouri, is a true and correct abstract of the record in said cause, and that so far as the same are relevant to the issues in the instant case, the facts shown therein may be taken as true and as part of the evidence herein (copy of said abstract is attached hereto and made a part hereof). The copy of said will, as printed in said abstract is not correct in certain minor respects, therefore a certified copy is above made part of this stipulation." Paragraph 19 recites that the cause was decided by the Supreme Court of Missouri March 16, 1925, and that the opinion is reported in 271 S. W. 815;

that the Supreme Court affirmed the decree. Paragraph 20 recites the following: "That the printed statements, briefs, and arguments attached hereto, and marked respectively Exhibits 'A', 'B', 'C', 'D', and 'E', are copies of the statements, briefs and arguments which were filed in the Supreme Court of Missouri when the cause hereinbefore described to construe the will of John E. Liggett, was submitted to said court." Paragraph 21 recites the death of Clara B. Fowler, one of the daughters of the testator, without issue, and the survival of Dollie L. Kilpatrick and Ella L. Wiggins; recites also the later death of Dollie L. Kilpatrick, leaving the plaintiff and two grandchildren as her surviving heirs. Paragraph 22 recites that the real estate is subject to a long term lease, and that the lessees have physical possession of the property. Paragraph 23 recites that defendant does not deny that the plaintiff is a cotenant with the defendant, of the real estate described in the pleadings. Paragraph 24 recites that prior to the institution of this suit, plaintiff made certain demands on the defendant with reference to the income. Paragraph 25 is as follows: "That this stipulation may be used as evidence in the trial of the cause in which it is entitled, subject to the right of either party to object to any portion thereof on the ground of irrelevancy or immateriality only. That this stipulation is made for the purpose in this case, of agreeing on the facts herein stated, and shall not preclude either party from the right to offer further or additional evidence." Paragraph 26 simply recites that the abstract of the record in Wiggins v. Perry, attached thereto, and the briefs in said cause, were true copies.

Paragraph 3 of the court's findings is as follows: "That the facts set out in said agreed statement or stipulation of facts are true, and they include the facts herein stated." The findings embody substantially the agreed statement, set out certain provisions of the will, recite the suits referred to, set out excerpts from the decrees and pleadings, and then conclude with the declaration that the decree in the circuit court of St. Louis, construing the will of John E. Liggett, was and is res judicata, and the plaintiff was and is bound and precluded thereby.

■ We are of the view that the facts as agreed upon, and as found by the court, were evidentiary in their nature, rather than ultimate facts. The facts as agreed upon were presented to the court as the evidence in the case. For instance, a copy of the will is set out. This was not an ultimate fact. The ultimate fact was that by will the testator made certain dispositions of the property. All the various recitals as to the suits in state court are not ultimate facts, but evidentiary facts. This is emphasized by the fact that there was attached to the stipulation copy of the abstracts and briefs in the case appealed to the Supreme Court, and, finally, the stipulation recites that it is subject to the right of either party to object to any portion of it, and that it was made "for the purpose in this case of agreeing on the facts herein stated, and shall not preclude either party from the right to offer further or additional evidence." The most that could be claimed as to these agreed facts is that they were partly evidentiary and partly ultimate facts. In this state of the record, it is well settled that this court is without authority to review.

Again referring to Wilson v. Merchants' L. & T. Co., supra: "If, therefore, an agreed statement contains certain facts of that nature [ultimate facts], and in addition thereto and as part of such statement there are other facts of an *evidential character only, from which a material ultimate fact might be inferred, but which is not agreed upon or found, we cannot find it, and we cannot decide the case on the ultimate facts agreed upon without reference to such other facts. In such case we must be limited to the general finding by the court.*" (Italics ours.)

No request for declaration of law having been made, there is nothing presented for examination, except the primary record. In this connection we wish to state that this holding of the court results in no prejudice to the appellant, as we have carefully examined the entire record, and are of the view that on the merits the judgment should be affirmed. As the judgment is sustained by the primary record, no prejudicial error is shown, and the judgment appealed from is therefore affirmed.