### CHICAGO, R. I. & P. RY. CO. v. MARYLAND CASUALTY CO.
### No. 10037.

Circuit Court of Appeals, Eighth Circuit. Jan. 30, 1935.

Henry S. Conrad, of Kansas City, Mo. (Luther Burns, of Topeka, Kan., and L. E. Durham and Hale Houts, both of Kansas City, Mo., on the brief), for appellant.

Spencer F. Harris, of Kansas City, Mo. (Paul G. Koontz, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

SANBORN, Circuit Judge.

The appellant will be referred to as "the Rock Island"; the appellee as "the Casualty Company"; the Kansas City Terminal Railway Company as "the Terminal Company"; and the Pratt-Thompson Construction Company as "the contractor."

In the summer of 1923, the terminal company, which owns and operates the terminal facilities used by the Rock Island and other railroads entering Kansas City, Mo., engaged the contractor, by written agreement, to incase with gunite the girders and crossbeams of a railroad bridge across the Kaw river, belonging to the terminal company and which was used by the Rock Island. On August 31, 1923, while the work called for by the agreement was being done, an employee of the contractor, while working on the bridge, was struck and killed by a Rock Island train. His widow sued the Rock Island and the terminal company in the circuit court of Jackson county, Mo., at Kansas City, to recover for his death upon the ground that it was caused by negligence. The Rock Island demanded that the contractor defend the suit on its behalf, which the contractor refused to do. The casualty company, which was surety for the faithful performance by the contractor of its agreement with the terminal company, assumed the defense of the suit for the terminal company. The result of the suit was a dismissal upon the merits for the terminal company, and a judgment against the Rock Island, which it was obliged to pay. Because of the suit, the Rock Island expended $13,195.78, to recover which it brought this action at law against the casualty company upon the ground that, under the agreement with the terminal company, the contractor had undertaken to indemnify not only the terminal company against claims, suits, and judgments arising out of injuries to the em-

ployees of the contractor, but also to indemnify the users of the terminal company's tracks against such claims, suits, and judgments brought or obtained against any of them; and that the casualty company, as surety for the contractor, was therefore obligated to refund what the Rock Island had expended on account of the suit and judgment growing out of the death of the contractor's employee. The casualty company denied liability.

The facts were stipulated and the case tried to the court without a jury. The court found the facts to be "as set out in the agreed statement of facts which was offered in evidence as Plaintiff's Exhibit 1." It reached the conclusion that there was no liability on the part of the casualty company, for the reason that the agreement between the terminal company and the contractor did not require the contractor to pay the judgment obtained against the Rock Island. Judgment was entered for the casualty company, and the Rock Island appealed.

In this case the agreed statement of facts, together with the documents referred to therein, which were separately offered in evidence, cover some forty-five pages of the record. The last paragraph of the stipulation indicates that the facts agreed to were the evidentiary facts rather than the ultimate facts, for it recites:

"Either party hereto may introduce such additional, relevant, material and competent testimony as it desires not in conflict with the terms of the above and foregoing agreed stipulation of facts. The foregoing stipulation of facts was made subject to objection by either party as to the materiality of any of the testimony covered by such stipulation."

■ Where a case is submitted upon a stipulation of ultimate facts, the question whether the judgment rendered is justified by the facts agreed to can be reviewed; but, "'an agreed statement of facts, on which judgment is rendered, consisting not of the ultimate facts, but of the evidence to be submitted to the court on the issues presented by the pleadings, is not the equivalent of a special finding of the facts, allowing review of their sufficiency.' Kentucky Life & Acc. Ins. Co. v. Hamilton (C. C. A. 6) 63 F. 93." Valenti v. Prudential Ins. Co. of America (C. C. A. 8) 71 F.(2d) 229, 232.

In Kentucky Life & Acc. Ins. Co. v. Hamilton (C. C. A. 6) 63 F. 93, at page 98, Judge Lurton, later Mr. Justice Lurton, says of a similar stipulation: "An agreed statement of facts, which will be accepted as the equivalent of a special finding of facts, must relate to and submit the ultimate conclusions of fact, and an agreement setting out the evidence upon which the ultimate facts must be found is not within the rule stated in Supervisors v. Kennicott, supra [103 U. S. 554, 26 L. Ed. 486]." See, also, Perry v. Wiggins (C. C. A. 8) 57 F.(2d) 622.

■ Our opinion is that, upon this record, which shows that the Rock Island made no requests for findings of fact or declarations of law in its favor, and no motion for judgment upon the sole ground that the evidence would support no other conclusion, the question of the sufficiency of the evidence to support the judgment is not properly before us for review.

However, it is not necessary to affirm the judgment upon that ground alone, and we prefer not to do so.

The Rock Island has based its right to recover upon the first paragraph of section 11 of the agreement between the terminal company and the contractor. This paragraph reads as follows:

"The Contractor agrees to indemnify and save harmless the Company, and all other Companies which may, at any time, use the tracks of said Company, for and from all claims, demands, payments, suits, actions, recoveries and judgments of every name and description, *brought or recovered against it* [ italics ours], for, or on account of, any personal injuries (including deaths) or damages to property received or sustained by any party or parties, by reason of any act of the said Contractor, or of any subcontractor hereunder, or of any agent or servant of either said Contractor or subcontractor, in the construction of the work provided for by this contract, or by, or in consequence of, any negligence or carelessness in guarding the same, or in any manner growing out of, or connected with, said work; or on account of the death of, or injury to, the person, or damage to the property of the Contractor, or of any subcontractor hereunder, or of any of the agents, servants or employes of the Contractor, or of any subcontractor hereunder, who shall be engaged in or about the work to be performed under this contract, or any subcontract hereunder, whether such death, injury or damage shall be caused by the negligence of

the company, or of such other Companies or any of them, its or their agents, or servants, or otherwise; and so much of the money due, or to become due, to said Contractor, under this agreement, as shall or may be deemed necessary by the Chief Engineer of the Company, shall or may be retained by the Company, until every and all of such claims, demands, suits, actions, recoveries and judgments shall have been settled and discharged, and evidence to that effect furnished to the satisfaction of said Chief Engineer."

■ The Rock Island was a stranger to this agreement. It was at least necessary for it to show that the agreement was intended for its direct benefit.

"Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit. For, as said by this court, speaking of the right of bondholders to sue a third party who had made an agreement with the obligor to discharge the bonds, they 'may have had an indirect interest in the performance of the undertakings * * * but that is a very different thing from the privity necessary to enable them to enforce the contract by suits in their own names.' Nat. Bk. v. Grand Lodge, 98 U. S. 123, 124, 25 L. Ed. 75, 76. Cf. Hendrick v. Lindsay, 93 U. S. 143, 149, 23 L. Ed. 855, 857; National Savings Bk. v. Ward, 100 U. S. 195, 202, 205, 25 L. Ed. 621, 623, 625." German Alliance Insurance Co. v. Homewater Supply Co., 226 U. S. 220, 230, 33 S. Ct. 32, 35, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000. See, also, Robins Dry Dock & Repair Co. v. Flint et al., 275 U. S. 303, 307, 48 S. Ct. 134, 72 L. Ed. 290.

■ It seems as clear to us as it seemed to the court below, that, by the express terms of section 11, the claims, demands, payments, suits, actions, recoveries, and judgments as to which the contractor agreed to indemnify and hold harmless the terminal company "and all other companies which may, at any time, use the tracks of said company" were those "brought or recovered against it [the Terminal Company]." That is what is stipulated in the bond.

■ The contention of the Rock Island, that, since the judgment recovered against it started out as a claim and suit against both it and the terminal company, it was therefore the duty of the contractor and its surety not only to defend against the claim and suit for the terminal company, but also to pay the judgment which went against the Rock Island alone, is ingenious, but, in our judgment, unsound. The dismissal of the suit in the state court upon its merits as against the terminal company was an adjudication that there was in fact no claim against that company. The contractor and its surety carried out the contractor's agreement to indemnify and hold harmless the terminal company and all other companies using its tracks from any claim or suit in so far as it was against the terminal company, which was all that the contractor had agreed to do.

What the Rock Island seeks, as the court below pointed out in its opinion, is an amendment to the first paragraph of section 11, striking out the words "brought or recovered against it," where they appear in that paragraph, and inserting in lieu thereof the words "brought or recovered against it or against any other company which may at any time use its tracks." The court was without power to make such an amendment.

■ "The court is not at liberty, either to disregard words used by the parties, descriptive of the subject-matter, or of any material incident, or to insert words which the parties have not made use of. Norrington v. Wright, 115 U. S. 188, 6 S. Ct. 12 [29 L. Ed. 366]; Filley v. Pope, 115 U. S. 213, 6 S. Ct. 19 [29 L. Ed. 372]; Watts v. Camors, 115 U. S. 353, 6 S. Ct. 91 [29 L. Ed. 406]; Cleveland Rolling-Mill v. Rhodes, 121 U. S. 255, 7 S. Ct. 882 [30 L. Ed. 920]; Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 S. Ct. 46 [35 L. Ed. 837]; Bowes v. Shand, 2 App. Cas. 455; Welsh v. Gossler, 89 N. Y. 540; Cunningham v. Judson, 100 N. Y. 179, 2 N. E. 915; Iasigi v. Rosenstein, 141 N. Y. 414, 36 N. E. 509." Harrison v. Fortlage, 161 U. S. 57, 63, 16 S. Ct. 488, 489, 40 L. Ed. 616.

"The courts will not disregard the plain language of a contract or interpolate something not contained in it. Here the language used by the parties is clear and unambiguous, and cannot be ignored however plausible the reasons advanced. The courts will not write contracts for the parties to them nor construe them other than in accordance with the plain and literal meaning of the language used." Henrietta Mills, Inc., v. Commissioner of Internal Revenue (C. C. A. 4) 52 F.(2d) 931, 934.

"The court may not inquire into the secret or unexpressed intention of one or both of the parties. Its sole duty lies in determining the meaning of the language used when considered in the light of the situation of the parties and the purposes and subject-matter of the contract. General Supply Co. v. Marden, etc., Co., 276 F. 786–788 (C. C. A. 3); Ryan v. Ohmer, 244 F. 31–34 (C. C. A. 2); Corbett v. Winston Elkhorn Coal Co., 296 F. 577 (C. C. A. 6)." Canadian Nat. Ry. Co. et al. v. George M. Jones Co. (C. C. A. 6) 27 F.(2d) 240, 242.

And, contracts are to be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense; and a court is not warranted, under the guise of construction, in importing into a contract an ambiguity which otherwise would not exist, by forcing from plain language unusual and unnatural meanings. Bergholm et al. v. Peoria Life Ins. Co., 284 U. S. 489, 492, 52 S. Ct. 230, 76 L. Ed. 416; Inter-Southern Life Ins. Co. v. Zerrell (C. C. A. 8) 58 F.(2d) 135, 137.

The language of section 11 makes it clear that there was no obligation on the part of the contractor to indemnify the Rock Island or any other railroads using the tracks of the terminal company against any claims or judgments except those brought or recovered against the terminal company. Even though it is true, as the Rock Island contends, that there could be no liability on the part of any company using the tracks, because of a claim, suit, or judgment against the terminal company, and that no useful purpose could be served by the words "and all other companies which may, at any time, use the tracks of said company," the court would not be justified in enlarging the obligation of the contractor or its surety by changing the kind of claims, suits, or judgments which the contractor was required to protect against. The provisions contained in section 11 for the withholding of payment by the terminal company from the contractor until "every and all of such claims, demands, suits, actions, recoveries and judgments shall have been settled and discharged, and evidence to that effect furnished to the satisfaction of said Chief Engineer," indicates—since the chief engineer was that of the terminal company—that the withholding was to be done for the protection of that company

alone. Moreover, the record shows that paragraph 4 of section 11 provided for the defense by the contractor, on behalf of the terminal company of "any suits which may be brought against the Company on account of injuries, deaths, or damages from which the Contractor herein agrees to indemnify the Company."

We think that the Rock Island has not only failed to show that the provision of the agreement relied upon was for its direct benefit, but has also failed to show that the construction placed upon the agreement by the contractor, its surety, and the court below was wrong.

The judgment is affirmed.