McINTOSH v. WIGGINS.

No. 11781.

Circuit Court of Appeals, Eighth Circuit.

Oct. 29, 1941.

Rehearing Denied Nov. 26, 1941.

---

Paul Bakewell, Jr., of St. Louis, Mo., for appellant.

Daniel N. Kirby, of St. Louis, Mo. (Harry W. Kroeger, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and JOHNSEN, Circuit Judges, and NORDBYE, District Judge.

SANBORN, Circuit Judge.

The appellant brought this action asking that the appellee be required to turn over to appellant certain property, together with the rents and profits thereof, and that appellee be enjoined from having the benefit of a provision of a decree of the Circuit Court of the City of St. Louis entered June 22, 1923, upon which it is asserted the appellee bases her right to withhold the property from appellant. From a decree dismissing the action, this appeal is taken.

The property involved is an undivided one-fourth of that portion of the estate of John E. Liggett, deceased, which, by the terms of his will, went to his daughter Cora B. Fowler for life on the termination of two testamentary trusts. This property is held by the appellee, and she claims a life interest in it under the will of John E. Liggett as construed by the decree of the Circuit Court of the City of St. Louis entered June 22, 1923, and also under the judgment of the United States District Court for the Eastern District of Missouri, affirmed by this Court in Perry v. Wiggins, 8 Cir., 57 F.2d 622, certiorari denied 287 U.S. 609, 53 S.Ct. 12, 77 L.Ed. 529. The appellant asserts that, by the terms of the will of John E. Liggett, who was her grandfather, she, on August 10, 1928, when her mother, Dolly L. Kilpatrick, died, became entitled to one-half of the property in which her mother had acquired a life estate on the death of Cora B. Fowler, and that the provision of the decree of June 22, 1923, of the Circuit Court of the City of St. Louis, pursuant to which the appellee claims and holds the property, is erroneous and was obtained by fraud, accident or mistake, and that the appellee should be enjoined from having the benefit of it.

The broad question presented is whether, under the facts disclosed by the record, the court below was required to grant the appellant the relief which she sought. To state these facts in complete detail would be more confusing than helpful. We shall refer to them only so far as necessary.

The three daughters of John E. Liggett, a resident of St. Louis, Missouri, who died testate November 23, 1897, leaving a large estate, were Cora B. Fowler, Dolly L. Kilpatrick and the appellee, Ella L. Wiggins.

The trusts created by the will terminated April 4, 1916. At that time the three daughters became entitled to receive the major portion of their father's estate. They each received an undivided one-third of this portion. They conceived the idea that, under the will, they acquired estates in fee and not for life. Whether their estates were in fee or for life depended upon the construction of the following provisions of the will: "After the death of my said wife then my said stock * * * shall be further held by my said trustees under this trust for the sole benefit and behoof of my daughters * * * to their sole and separate use * * * for and during the natural lives of my said daughters, in equal portions, share and share alike, with remainder over as to the undivided share aforesaid, of each one, to the heirs of the body of each one of my said daughters as their absolute property, per stirpes and not per capita; but should any of my said daughters die without issue then her portion of said * * * stock herein bequeathed to her for life shall go to the survivor and survivors of my said daughters in equal portions for life; with remainder over, as to such portion, to the heirs of the bodies of such as shall die leaving issue of their bodies absolutely, share and share alike, per stirpes."

In May, 1920, the three daughters brought suit in the Circuit Court of the City of St. Louis to secure a construction of the will of their father, asserting that upon the termination of the trusts created by the will, they took fee title to their shares of the estate. All of the then existing descendants of the testator were made parties to the suit, including the appellant, who was an adult daughter of Dolly L. Kilpatrick, and including, also, Elizabeth Liggett Scudder, a minor, who later became Elizabeth Kennard and who was the child of Elizabeth Scudder, a deceased daughter of Dolly L. Kilpatrick. If Dolly L. Kilpatrick had only a life interest in her share of her father's estate, with remainder over to her issue, then on her death the appellant and Elizabeth Liggett Scudder would, under the will of John E. Liggett, each take an undivided one-half of that share. If Dolly L. Kilpatrick and her sisters had a fee title to their respective shares, the appellant and Elizabeth Liggett Scudder would receive nothing under the will. The appellee, Ella L. Wiggins, also had an adult daugh-

ter, Eleanore Van Riper, who had two minor children. The appellant and the adult daughter of Ella L. Wiggins, although served with process in the will-construction suit, did not appear. Elizabeth Liggett Scudder did appear and was represented by her father, as guardian ad litem. The grandchildren of Ella L. Wiggins were also represented by a guardian ad litem. The grandchildren of Dolly L. Kilpatrick and of Ella L. Wiggins had the same counsel, who filed answers in their behalf asserting that the three daughters of John E. Liggett took estates for life in their respective shares of their father's estate, with remainder over to their surviving issue "and, in case there be none, with remainder as to said share to the survivor or survivors of said daughters in equal portions for life, with remainder over in fee upon the death of the last survivor of said daughters to the surviving issue of said daughters, share and share alike, per stirpes." These answers prayed that the court so construe the will. The trustees under the will, who were also parties to the suit, in their answer brought up certain doubtful questions relative to the disposition of undistributed property of the estate still in their possession, and prayed the aid and instructions of the court.

After a trial, the Circuit Court of the City of St. Louis concluded that the daughters of the testator, by the terms of his will, took only life estates, with remainder over to their issue. Counsel for the minor grandchildren of the two daughters of the testator who had issue (Cora B. Fowler was childless) was asked to draft the decree. He wrote into his draft of a proposed decree his interpretation of the will respecting the devolution of the share of a daughter of the testator in case of her death without issue, which was that it would go to the surviving daughters of the testator and to the survivor of them for life, and would not vest in remainder until the last surviving daughter of the testator had died. The draft of a decree prepared by counsel for the minor grandchildren was finally approved as to form by all counsel for all parties who had appeared in the suit, and was entered by the court as its decree. The daughters of the testator then appealed to the Supreme Court of Missouri on the sole issue as to whether they had fee title to their shares of their father's estate. The questions as to what would become of the share of a daughter having a life estate, in the event she died without issue, and as to when the share of such a daughter would vest in remainder were not in dispute, were not raised, and, of course, were not before the Supreme Court of Missouri on the appeal. That court decided that the daughters of the testator took life estates only, and affirmed the decree appealed from. Wiggins v. Perry, 271 S.W. 815. In its opinion, the Supreme Court of Missouri copied almost verbatim a statement contained in the brief of counsel for the minor grandchildren, when it said (page 826 of 271 S.W.): "We therefore respectfully submit that the will of John E. Liggett, construed according to its true intent and purpose, creates life estates only in his daughters, with contingent remainders over in the heirs of their respective bodies, and that the lineal descendants only of each daughter who answers the description of such heirs at the time of her death takes such remainders, and that the trial court was clearly right in so ruling."

It is, of course, obvious that in making that statement counsel and the court were dealing with the question of the estate which each daughter of the testator took under the will at the termination of the trusts, and were not dealing with the questions as to what would happen to the share of a daughter who died without issue and as to when title to her share would vest in remainder, which questions had not been presented on the appeal. That the Supreme Court of Missouri did not rule on these questions would not affect the conclusiveness of the decree. See and compare Russell v. Russell, 3 Cir., 134 F. 840; Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, 416.

The decree of the Circuit Court of the City of St. Louis, affirmed on appeal, contained the following provision with respect to the devolution of the share of Cora B. Fowler: "If both her sisters, Ella L. Wiggins and Dolly L. Kilpatrick, shall survive her, then an undivided one-half interest in said property shall go to and vest in each of said sisters for her life, and on the death of either of them, the undivided one-half interest therein of the one so dying shall go to and vest in the survivor for her life, and upon her death the whole of said property shall go to and vest absolutely in the then surviving issue of said Ella

L. Wiggins and Dolly L. Kilpatrick, share and share alike, per stirpes and not per capita."

Cora B. Fowler died July 19, 1928. Concededly, upon her death her share of her father's estate passed to Dolly L. Kilpatrick and Ella L. Wiggins in equal portions for life. Dolly L. Kilpatrick died August 10, 1928, and her death is the real source of this controversy between the appellant and Elizabeth Scudder Kennard, on one side, and Ella L. Wiggins, on the other side. The appellant and Elizabeth Kennard of course received Dolly L. Kilpatrick's original share of the estate, but they claimed that, under the will, they were each entitled to one-fourth of the share of Cora B. Fowler, an undivided one-half of which share had come to Dolly L. Kilpatrick for life on Cora B. Fowler's death. Ella L. Wiggins contended that, under the will and under the decree of the Circuit Court of the City of St. Louis, she, on Dolly L. Kilpatrick's death, was entitled to have Cora B. Fowler's full share for life, and that no part of it would vest in the issue of Dolly L. Kilpatrick until after her (Ella L. Wiggins') death.

On June 19, 1929, the appellant, then Mary Lois Perry, brought an action in the United States District Court for the Eastern District of Missouri against Ella L. Wiggins to determine adverse claims. In that action appellant sought a judgment that, upon the death of her mother, one-fourth of Cora B. Fowler's share of the estate of John E. Liggett, one-half of which share appellant's mother had acquired for life on Cora B. Fowler's death, belonged to the appellant and did not belong to Ella L. Wiggins, who had possession of it. Issues were joined. The question whether the decree of the Circuit Court of the City of St. Louis was determinative of the rights of the parties and was res judicata as to all issues was squarely presented. The appellant asserted that the decree of that court was not binding upon her because the above-quoted provision of the decree relative to the devolution of the share of Cora B. Fowler was not within the issues tendered by the petition in the suit in which the decree was rendered; that the question of what would become of a share of a daughter who should die without issue had not been before the Circuit Court of the City of St. Louis for decision, and that that court had had no power to decide it. The United States District Court adjudged that the decree of the Circuit Court of the City of St. Louis in the will-construction suit was within the issues tendered by the petition in that suit and was res judicata; that that court had had jurisdiction of the parties and of the entire subject matter covered by its decree in that suit; that appellant was bound by the decree and by the provision thereof of which she complained; and that Ella L. Wiggins was entitled to retain during her life the share of the estate of John E. Liggett in which Cora B. Fowler had originally had a life interest, and that no part of that share would vest in the surviving issue of Dolly L. Kilpatrick and of Ella L. Wiggins until the latter's death. Appellant took an appeal from the judgment. The judgment was affirmed by this Court in Perry v. Wiggins, 8 Cir., 57 F.2d 622 and it became a final judgment.

An abortive attempt by the appellant and her niece, Elizabeth Kennard, was made in 1933 to have the decree of the Circuit Court of the City of St. Louis in the will-construction suit corrected nunc pro tunc by that court. Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 126 A.L.R. 949. Appellant had commenced the present action in the court below in 1931, and at or about the same time Elizabeth Kennard brought a similar action against Ella L. Wiggins in the Circuit Court of the City of St. Louis.

In this case appellant again seeks to avoid the provision of the decree of the Circuit Court of the City of St. Louis which was held to be binding and conclusive upon her by the court below in the case of Perry v. Wiggins (affirmed, 8 Cir., 57 F.2d 622), and now asserts that the presence in the decree of that provision was the result of fraud, accident or mistake, and that the appellee should therefore be prevented from having the benefit of it.

There are several reasons why we think the appellant cannot prevail.

The judgment which this Court affirmed in Perry v. Wiggins, 8 Cir., 57 F.2d 622, conclusively and finally determined and settled all of the questions which were raised or which could have been raised in that case. The reason for this is that a judgment rendered on the merits is conclusive as to all matters which were decided and as to all matters which might have been decided. Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383, and cases

cited. The Supreme Court of the United States in Tait v. Western Maryland Railway Co., 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405, refers to this rule as one "founded in sound policy, to the enforcement of which suitors are in justice entitled." The rule is based upon that public policy which requires that a single controversy capable of being completely determined in one suit shall be ended by the judgment in that suit and shall not become the subject matter of subsequent litigation. See Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355. Even lack of knowledge by the parties as to their legal rights will not prevent the application of the rule. Guettel v. United States, supra, 95 F.2d page 232. It is also the rule "that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355; George H. Lee Co. v. Federal Trade Commission, 8 Cir., 113 F.2d 583, 586, and cases cited. The judgment in Perry v. Wiggins, 8 Cir., 57 F.2d 622, determined not only that the decree of the Circuit Court of the City of St. Louis was res judicata, but also determined that, as between the appellant and the appellee, the appellee had a life estate in the property to which the appellant claims she is entitled. That judgment remains unmodified and in full force and effect. The appellee as against the appellant, therefore, holds a life interest in this property not only by virtue of the decree of the Circuit Court of the City of St. Louis which is attacked, but also by virtue of the judgment of the United States District Court in Perry v. Wiggins which is not attacked. Even if the judgment in Perry v. Wiggins was wrong, that is of no help to appellant, for a judgment which is wrong but unreversed and unmodified is just as effective as a judgment which is right. Thornton v. Carter, 8 Cir., 109 F.2d 316, 320, and cases cited.

The court below has found as a fact that there was no fraud, accident or mistake with respect to the insertion in the decree of the Circuit Court of the City of St. Louis of the provision of which the appellant complains. That finding is conclusive upon the appellant and upon this Court unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We think it is not erroneous. The theory that counsel for the minor grandchildren of Dolly L. Kilpatrick and of Ella L. Wiggins imposed upon the Circuit Court of the City of St. Louis in inserting in the decree of that court the provision now in controversy, and that he imposed upon the Supreme Court of Missouri in the appeal from that decree by not calling specific attention to that provision and by making statements in his brief which might be taken to indicate that no such provision was in the decree, is not tenable. The decree as drafted was in accord with the interpretation which counsel for the minor grandchildren of Dolly L. Kilpatrick and of Ella L. Wiggins had contended for, as was demonstrated by the answers which he had filed in the will-construction case, on behalf of those whom he represented. That the interpretation was erroneous, is no evidence that it was fraudulent or dishonest. There could have been no fraudulent purpose in inserting in the decree the provision complained of. No one could have known, at the time the decree was entered, in what order the daughters of John E. Liggett would die. If Cora B. Fowler had been the last of them to die, the provision would not have made the slightest difference to anyone. If Dolly L. Kilpatrick had died before Cora B. Fowler, the appellant would not have been prejudiced by the provision; and if Dolly L. Kilpatrick had been the last to die, the appellant could not have been hurt. The circumstance that Cora B. Fowler died without issue before her sisters, and that Ella L. Wiggins outlived Dolly L. Kilpatrick, does not offer a substantial basis upon which to predicate an inference that the provision of the decree which appellant challenges was inserted through fraud, accident or mistake. So far as the charge that the Supreme Court of Missouri was imposed upon is concerned, it is enough to say that the challenged provision of the decree was not questioned in that court by any of the parties to the appeal and was not an issue on appeal. If that court had wished to make an independent investigation of the correctness of each

provision of the decree, it could have done so on the record before it, which contained all essential data. We are satisfied that there is no factual basis to support a conclusion that the challenged provision of the decree of the Circuit Court of the City of St. Louis resulted from fraud or from any accident or mistake that would permit a court of equity to relieve the appellant from the effect of the provision complained of. Nothing was done by anyone to prevent the appellant from appearing and making any defense she saw fit in the will-construction suit, and nothing in fact did prevent her from making a defense except her own failure to appear. See and compare National Surety Co. v. State Bank of Humboldt, 8 Cir., 120 F. 593, 599, 600, 61 L.R.A. 394; Continental Nat. Bank v. Holland Banking Co., 8 Cir., 66 F.2d 823, 829; Hanna v. Brictson Mfg. Co., 8 Cir., 62 F.2d 139, 148, and cases cited; Freeman on Judgments, 5th Ed., pp. 2568, 2569. Ella L. Wiggins cannot be charged with doing anything toward procuring the construction of the will which the Circuit Court of the City of St. Louis adopted when it entered its decree. She was a losing, and not a successful party, in that litigation. See Johnson v. Waters, 111 U.S. 640, 667, 4 S.Ct. 619, 28 L.Ed. 547; Arrowsmith v. Gleason, 129 U.S. 86, 100, 9 S.Ct. 237, 32 L.Ed. 630; Marshall v. Holmes, 141 U.S. 589, 598, 599, 12 S.Ct. 62, 35 L.Ed. 870.

■ The appellant is again seeking to avoid the effect of a decree which she did nothing to prevent. Reasonable prudence would have dictated that she appear in the will-construction suit in the Circuit Court of the City of St. Louis. No party and no attorney in that litigation owed her any duty with respect to the protection of her rights. When appellant was served with process in the will-construction suit, she had notice that her mother and her aunts were seeking a decree the effect of which would be to cut off her rights in the estate of John E. Liggett. She now complains that while the Circuit Court of the City of St. Louis in construing the will did protect her interest with respect to her mother's share of the estate, it did not completely protect appellant's interest with respect to the share of Cora B. Fowler, and for this failure appellant is willing to blame everyone except herself. All of the facts which rendered the challenged provision of the decree entered in the will-construction suit erroneous were just as available to the appellant in 1923 as they are now. We think that her own negligence in having failed to appear and defend her rights in that suit was enough to prevent the court below from granting her the relief which she seeks. See and compare McNeil v. McNeil, C.C., 78 F. 834; Marine Ins. Co. v. Hodgson, 7 Cranch 332, 336, 3 L.Ed. 362; National Surety Co. v. State Bank of Humboldt, 8 Cir., 120 F. 593, 598, 61 L.R.A. 394; Brown v. County of Buena Vista, 95 U.S. 157, 159, 24 L.Ed. 422; Pickford v. Talbott, 225 U.S. 651, 658, 32 S.Ct. 687, 56 L. Ed. 1240.

■ Since the entry of the decree of the court below in this case, the Supreme Court of Missouri, in the case of Kennard v. Wiggins, —— S.W.2d ——, decided July 25, 1941,[1] has ruled that the challenged provision of the decree of the Circuit Court of the City of St. Louis was wrong with respect to the devolution of Cora B. Fowler's share of the estate of her father, and that, on Dolly L. Kilpatrick's death, the half of the share of Cora B. Fowler in which Dolly L. Kilpatrick had acquired a life estate vested in appellant and Elizabeth Kennard; that the latter is not bound by the decree of the Circuit Court of the City of St. Louis because she was a minor during the pendency of the will-construction suit and those who represented her could not authorize or consent to the entry of any decree prejudicial to her rights. We are unable to see that that decision is of any material help to the appellant, who was of full age and under no disability during the pendency of the will-construction suit and who chose not to appear therein. For the purposes of this opinion, we shall accept the ruling of the Supreme Court of Missouri that the provision of the decree complained of by the appellant is wrong, but it is to be noted that that court does not hold that it was procured by fraud, accident or mistake, or that it is void or is not binding upon adult defendants who were served with process in the will-construction suit, but did not appear. The decision of the Supreme Court of Missouri cannot, in any event, affect in any way the binding force and effect of the judgment of the United States District

---

[1] We are advised that this case is not yet reported, and that a petition for rehearing is pending.

Court in Perry v. Wiggins, which this court has affirmed (8 Cir., 57 F.2d 622) and which it may not now ignore. See and compare Deposit Bank v. Board of Councilmen of Frankfort, 191 U.S. 499, 24 S. Ct. 154, 48 L.Ed. 276.

Our conclusion is that the decree of the court below was right. It is affirmed.

JOHNSEN, Circuit Judge (dissenting).

Since the trial and decision of this case in the District Court, the Supreme Court of Missouri, in a companion case (Kennard v. Wiggins, —— S.W.2d ——, decided July 25, 1941; not yet appearing in the printed reports), has clearly branded the paragraph in the original decree of the Circuit Court of the City of St. Louis, which purported to fix the time of the vesting of the remainders under the will of John E. Liggett, as unconscionable and a legal perversion.

It has said that "no such construction * * * is tenable"; that "no word juggling as to remainders, etc., can, in reason, reach such result"; that "by all the rules of construction the term heirs of the body, as used in the Liggett will, * * * means the heirs of the body of a daughter, at the time of the death of the daughter, and not at the time of the death of the last surviving daughter"; that "when Dolly L. Kilpatrick died the 1/6 interest that came to her upon the death of her sister, Cora B. Fowler, vested in her daughter, Mary Lois Perry, now Mary Lois McIntosh, and the present plaintiff [Elizabeth Liggett Kennard], 1/12 interest in each"; that, as a result of the indefensible provision contained in the decree, the (plaintiff) remainderman has been deprived, "over a period already of almost 13 years, of the possession and income from 'several hundred thousand dollars' worth of property"; and that "to refuse redress in the present case 'would be a reproach to the administration of justice'".

The situation therefore is one in which it must be conceded that a gross injustice has been perpetrated, apparently inadvertently, by an unconscionable decree and one legally indefensible "by all the rules of construction". There necessarily is a legitimate clamor for a remedy, as a matter of elemental justice and public respect for the courts. The state courts of Missouri have commendably righted the wrong as to one of the remaindermen, but the other, whose lot has been cast in the federal courts, is being told that she is simply engaged in a futile assault upon the ramparts of res judicata.

I think that a little more hospitable analysis of the dominant circumstances in the case, than is made in the majority opinion, will safely avoid any collision with the principles of res judicata, and will soundly permit the correction of the inequitable and discriminating result which now exists in the situation.

The record clearly indicates that the purpose of the original construction suit in the Circuit Court of the City of St. Louis was to obtain a decree that the life tenants under the testator's will were entitled to fee interests, instead of life estates. Appellant apparently thought that it was unnecessary for her to make any appearance in response to that issue. The other remainderman (Elizabeth Liggett Kennard) was a minor at the time, and, in the pleading filed by her guardian ad litem, the court was asked to declare that the life estates of any of the testator's daughters who might die without surviving issue should be regarded as continuing in any surviving daughters until "the death of the last survivor of said daughters", and that the remainders would not vest until that time and would go to such issue of the several daughters as were then surviving. The effect of the guardian ad litem's request was to create under the decree an additional life estate not authorized by the will; to restrict the class of the remaindermen; and to defer the final vesting of the remainders beyond the time fixed by the testator. Just what purpose the guardian ad litem or his attorney may have believed would be served by such a request is not apparent, but it is in any event not important here. The significant point is that the decree paragraph now being attacked crept into the decree solely because of the request contained in the guardian ad litem's pleading and the insertion of a conforming provision by the guardian's attorney at the time the decree was drawn. No one else was insisting upon it. The Supreme Court of Missouri has now said that the request made in the guardian ad litem's pleading was "in excess of his lawful authority and by mistake of his counsel". It has thus struck down the pleading, on which the decree provision was predicated, and on that ground has voided the decree as to the then minor remainderman.

Why should not the view be taken here that, with the striking down of this pleading, the decree provision has fallen as to the other remainderman also, for want of the supportive pleading on which the court's action was predicated? I do not believe that we should strain ourselves to find a way to bolster up an unconscionable decree and a legal perversion, and so avoid correcting the patent injustice that has been done. I am accordingly unable to accept the mechanical reasoning that the decree here should be sustained as res judicata, because it was within the scope of the court's power in the proceeding at the time to make a complete construction of the provisions of the will and to define the character and extent of the estates created. Even if this were true, which it is unnecessary to determine, the point is that the court's action at the time, on the question here involved, neither had, nor purported to have, any other motivated basis than as a response to the guardian ad litem's pleading. Without such a request in the pleading of the guardian ad litem, it seems clear from the record that the action would not have been taken. Why not then deal straightforwardly with the actualities of the situation, in the interest of elemental justice?

The majority opinion further suggests that, apart from the original decree of the Circuit Court of the City of St. Louis, appellant is still barred, as a matter of res judicata, by the previous decision of the federal District Court in Perry v. Wiggins, affirmed in 8 Cir., 57 F.2d 622. Here again, it seems to me that a mere artificial barrier is being set up, in view of the language contained in the judgment in that case. The judgment entered in the District Court merely reads as follows: "That the premises considered, the Court holds and adjudges: that as between the parties hereto, the said decree of the Circuit Court, City of St. Louis, entered on June 22, 1923, construing the will of said John E. Liggett was and is res adjudicata and the plaintiff herein, Mary Lois K. Perry (now McIntosh) was and is bound and concluded thereby in this interest suit; that the title, rights and interests of defendant on the one hand, in the undivided one-twelfth interest in the real estate described in the amended petition herein, which undivided one-twelfth interest constitutes the subject matter of this suit, and the title, rights and interests therein of the plaintiff on the other hand, are as the same were adjudged to be in the said decree construing said will".

Plainly, this is simply an adjudication that the rights of the parties were settled by the prior decree of the Circuit Court of the City of St. Louis. A voiding of the latter decree automatically should carry with it, it seems to me, the effect of the District Court's judgment. At any rate, it certainly leaves us the right to declare the District Court's judgment nugatory under the circumstances, or to allow any pleading amendment that may be necessary to give it that effect.

I think that, in view of the action taken by the Supreme Court of Missouri since this suit was instituted, the judgment should be reversed and the cause remanded to the District Court, with directions to allow appellant to make such appropriate amendment or supplement to her pleading as may be necessary to show the present situation, and to grant her the equitable relief to which she seems to me so clearly entitled.