## HOWARD v. CHICAGO, B. & Q. R. CO.

### No. 12934.

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1945.

Rehearing Denied Feb. 3, 1945.

John C. Mullen, of Omaha, Neb. (M. L. Donovan, of Omaha, Neb., on the brief), for appellant.

W. P. Loomis, of Omaha, Neb. (J. W. Weingarten, of Omaha, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

Appellant as plaintiff brought this action to compel appellee as defendant to restore his seniority rights, to restore him to employment from which he had been discharged, and for damages suffered because of his unlawful discharge. We shall refer to the parties as they were designated in the trial court.

Plaintiff alleged that he was discharged unlawfully and without cause; that defendant had refused to reinstate him to his former employment in violation of the terms of the written contract between the defendant and the Order of Railroad Telegraphers, a labor organization of which plaintiff was a member. Besides other relief, he asked damages in the sum of $23,-800.00 for wages and earnings.

In its answer defendant admitted that plaintiff had been employed by it and that he had been discharged and that defendant had refused to reinstate him; it admitted that on October 1, 1927, it and the Order of Railway Telegraphers entered into a written agreement known as a schedule and which was applicable to telegraphers and agents in the employ of defendant and that plaintiff's employment by defendant was in accordance with the provisions of the agreement between it and the Order of Railroad Telegraphers. It alleged that under the laws of both the States of Kansas and Nebraska actions upon any agreement or promise in writing can only be brought within five years after the cause of action shall have accrued, and that this action was commenced June 25, 1943, more than ten years after plaintiff's cause of action, if

any, accrued. It alleged that on January 25, 1934, plaintiff commenced an action in the District Court of Decatur County, Kansas, against the defendant; that on the trial of that action a verdict of the jury was returned finding for plaintiff and assessing his damages in the sum of $500.00; that judgment was thereupon entered, and thereafter the full amount of the judgment was paid by defendant and received by plaintiff and the judgment satisfied by plaintiff; that the action in the Kansas Court was for damages for the breach of contract in discharging plaintiff for violation of his seniority rights, and that the judgment in the action was a bar to the present action.

It was also alleged in the answer that plaintiff filed a claim with the National Railroad Adjustment Board, in which he sought an order from said Board requiring defendant to reinstate him to his former employment with seniority, pension, retirement and other alleged rights unimpaired; that defendant resisted the claim and upon hearing it was disallowed and that this adjudication barred plaintiff from maintaining the present action.

█ The suit was tried to the court without a jury, no jury having been demanded, and the court entered findings of fact and conclusions of law sustaining the contentions of defendant, and entered judgment dismissing plaintiff's action on its merits. The record does not contain all the evidence submitted to the lower court but contains only "parts of the proceedings had on the trial of this cause." A search of the record discloses that it contains none of the oral testimony submitted, but only such evidence as was in documentary form. In this state of the record, we look to the court's findings as establishing the facts, they being presumptively correct. Sublette v. Servel, Inc., 8 Cir., 124 F.2d 516; Oriole Phonograph Co. v. Kansas City Fabric Products Co., 8 Cir., 34 F.2d 400.

The court found that plaintiff was employed by defendant as a student helper August 1, 1899; that he was promoted to telegraph operator in 1900 and to station agent in 1902 and continued to work for defendant continuously until October 5, 1932. From 1913 to October 5, 1932, he was employed as station agent and telegraph operator at Oberlin, Decatur County, Kansas; that he was a member of the Order of Railroad Telegraphers; that defendant and that Order entered into a written agreement October 1, 1927, prescribing rules and rates of pay for telegraphers, agents, and certain other employees; that while plaintiff was not individually a party to this contract, the agreement provided that in the event of discipline or unjust treatment an employee was entitled to certain hearings and appeals to the officials of defendant, a letter stating the cause of discipline, and a transcript of the evidence taken at the investigation. That on October 5, 1932, plaintiff was discharged by defendant upon the ground that he had violated defendant's rules prohibiting the use of intoxicants, for conduct unbecoming an employee occupying a responsible position, and for absenting himself from duty without permission on September 9 and 10, 1932; that plaintiff was given a letter from defendant's division superintendent stating the foregoing grounds for his dismissal and a transcript of the evidence taken at an investigation held by the division superintendent on December 16, 1932; that plaintiff subsequent to his discharge made various demands personally and through officers of the Order of Railroad Telegraphers to various officers of defendant for further hearings and for reinstatement, which demands were refused; that his employment was finally terminated October 5, 1932 and the relationship of master and servant has never existed between plaintiff and defendant since that date; that on January 25, 1934, plaintiff brought an action against the defendant in the District Court of Decatur County, Kansas, for damages for injury in obtaining other employment, loss of wages and earnings and for injuries to his good name and the pursuit of his occupation and employment resulting from his alleged wrongful discharge and the refusal of defendant to reinstate him, all in violation of the agreement between defendant and the Order of Railroad Telegraphers. That on trial of said action, a judgment for plaintiff in the sum of $500.00 was entered on the general verdict of the jury and special questions submitted to the jury, wherein the jury allowed the sum of $500.00 to plaintiff "as damages for loss of plaintiff's seniority rights"; that the judgment was paid by defendant and received by plaintiff who discharged said judgment of record, and no appeal was taken therefrom. That in said action plaintiff treated his contract of employment as finally terminated and sued for all damages, both past and future, resulting from

the alleged breach of plaintiff's contract or contracts of employment and his discharge from his employment. That during September, 1937, the Order of Railroad Telegraphers on behalf of plaintiff, filed a claim with the National Railroad Adjustment Board under the Railway Labor Act, 45 U.S.C.A. § 151 et seq., demanding that the Adjustment Board require defendant to reinstate plaintiff to his job of agent-telegrapher at Oberlin, Kansas, and to reimburse him for all monetary loss sustained; that defendant appeared and defended against the claim, and after hearing the Board being unable to reach a decision, the National Mediation Board appointed a referee to sit with the Third Division of the Board on plaintiff's claim; that the referee held further hearings participated in by the parties; the Board entered its decision dismissing plaintiff's claim, finding that plaintiff had recovered damages for the loss of his seniority rights in the action for damages in the District Court of Decatur County, Kansas, and that plaintiff's claim was indivisible and hence, his claim was barred by the former adjudication; that thereafter plaintiff filed a motion for rehearing of his claim before the National Railroad Adjustment Board, which motion was denied. The court then found:

"This action was commenced in this court more than ten years after the discharge of plaintiff by defendant in alleged breach of plaintiff's contracts of employment, and after the death of the division superintendent of defendant who was plaintiff's superior officer and who discharged plaintiff."

The court concluded that it had jurisdiction of the parties and of the subject matter; that plaintiff was not entitled to any relief; that the judgment and payment thereof in the action brought by plaintiff in the District Court of Decatur County, Kansas, was res judicata of all the issues, including damages in this cause, and was a bar to plaintiff's claim; that the award of the National Railroad Adjustment Board dismissing plaintiff's claim was final and binding and constituted a bar; that the prosecution of plaintiff's action in the District Court of Decatur County, Kansas, to final judgment and the payment thereof by defendant was an election of remedies which barred plaintiff's claim in this cause and estopped him to demand reinstatement to his employment; that plaintiff's cause of action was barred by the statute of limita-

tions and by laches, and that defendant was entitled to judgment dismissing plaintiff's action on its merits.

In his brief plaintiff sets out the points relied upon for reversal as follows:

"1. The court erred in dismissing this action at the plaintiff's costs and denying the plaintiff the relief prayed for.

"2. The court erred in finding and in concluding as a matter of law that the judgment and payment thereof, in plaintiff's action in the District Court of Decatur County, Kansas, is res adjudicata of all the issues, including damages in this cause and is a bar to plaintiff's claim.

"3. That the award of the Third Division of the National Railroad Adjustment Board dismissing plaintiff's claim before it is final and binding and constitutes a bar to plaintiff's claims in this cause.

"4. That the prosecution of plaintiff's action in the District Court of Decatur County, Kansas, to a judgment in plaintiff's favor and payment of that judgment to plaintiff, was an election of remedies which is a bar to plaintiff's claims in this cause, and plaintiff is thereby estopped to demand reinstatement to his employment.

"5. That plaintiff is not entitled to have specific performance of his contract of employment in this court.

"6. That plaintiff's cause of action is barred by the statute of limitations and by laches."

In our view of the issues it will not be necessary to consider all the questions which are discussed in the briefs of respective counsel. Manifestly, if the judgment in the Kansas State Court in favor of plaintiff is a bar to plaintiff's claims in the instant case, then recovery could not be had. In that action, brought in January, 1934, plaintiff sought to recover damages based upon alleged breach of the same contract of employment which he here alleges as being breached. In that action he alleged his discharge, the refusal of the defendant to reinstate him in violation of the terms of the contract between defendant and the Order of Railroad Telegraphers. In the present action he likewise alleges that defendant "breached its contract" in wrongfully discharging him and in refusing to reinstate him. In the Kansas case he alleged that he had been injured in obtaining other employment for which he was fitted; that his discharge was for the purpose of injuring him and his good name

and the pursuit of his occupation and employment; that he had lost wages and earnings by reason of the wrongful acts and breach of contract by defendant, and he prayed judgment in the sum of $3,000.00. This assumed and in fact alleged the termination of his employment, and plaintiff sought to recover damages past, present and future. In the present case the court found that the amount of the judgment for plaintiff in the Kansas case was allowed by the jury for loss of plaintiff's seniority rights. This constituted a recovery of future damages. Having elected to sue for damages, and having recovered judgment, he can not now maintain this action. McIntosh v. Wiggins, 8 Cir., 123 F.2d 316; Baron v. Kurn, 349 Mo. 1202, 164 S.W.2d 310, 142 A.L.R. 787; Arnold v. Masonic Country Club, 268 Mich. 430, 256 N.W. 472; Madden v. Smith, 28 Kan. 798; Price v. First Nat. Bank, 62 Kan. 735, 64 P. 637, 84 Am. St.Rep. 419; Ransome Concrete Machinery Co. v. Moody, 2 Cir., 282 F. 29; Snell v. Turner Lbr. Co., 2 Cir., 285 F. 356; Runyan v. Great Lakes Dredge & Dock. Co., 6 Cir., 141 F.2d 396; Pierce v. Tennessee Coal I. & R. Co., 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591.

■ The applicable rule is stated by this court in McIntosh v. Wiggins, supra, where, in holding that a judgment rendered on the merits was conclusive as to all matters which were decided and as to all matters which might have been decided it is said [123 F.2d 321]:

"The rule is based upon that public policy which requires that a single controversy capable of being completely determined in one suit shall be ended by the judgment in that suit and shall not become the subject matter of subsequent litigation."

What is said in Snell v. Turner Lumber Co., supra, is here apposite. It is there said [285 F. 358]:

"Whatever right of action the plaintiffs had for breach of contract of employment, it was indivisible, and one determination of their rights or a recovery is a bar to any future action for damages."

■ Whatever cause of action plaintiff here had accrued when he was discharged. His suit was not for wages but was for damages for breach of his contract with defendant. For the breach of that contract he was entitled to maintain but one action and he could not split up his

demands if he in fact attempted to do so. As said by the Sixth Circuit Court of Appeals in Runyan v. Great Lakes Dredge & Dock Co., supra [141 F.2d 397]:

"The general rule as to judgments that a judgment on the merits rendered in a former suit between the same parties in the same cause of action by a court of competent jurisdiction operates as an estoppel, not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which with propriety might have been litigated and determined in that action, applies to proceedings in Admiralty Courts."

In Baron v. Kurn, supra, plaintiff sought to recover damages for violation of his employment contract. The contract was very similar to the one here involved. In that case Baron's contract was for no definite period, the same as that of plaintiff in the instant case. Baron contended [349 Mo. 1202, 164 S.W.2d 314] "that the Railway owed him a continuous and continuing duty to return him to service in the order of his seniority; that its failure so to do constituted repeated and continuous breaches of the Yardmen's Schedule, giving rise to separate and distinct causes of action each and every day it so failed and refused from and after May 1, 1933," etc. Answering this contention the court said:

"When a contract is breached, the wrongdoer either desires performance to continue or not to continue. The injured party may always continue performance if the repudiator consents. Plaintiff was let out of service in 1931 on account of a reduction in force. If his indeterminate and impermanent contract of employment be considered as continuing thereafter by virtue of the provisions of Article 17 of the Yardmen's Schedule, the Railway effectively prevented plaintiff from further performance thereunder by not returning him to service and there arose an indisputable breach of the contract of employment and the Yardmen's Schedule. Ultimate performance of the Railway's obligation charged to have been breached was due when plaintiff was entitled to return to service under said Sec. (d) in May, 1933, and the breach, if any, occurred when it then failed to perform. Ordinarily a plaintiff's cause of action accrues upon a defendant's failure to do the thing at the time and in the manner contracted, and a statute of limitation begins to run when a suit may be maintained therefor. It is

not logical for one to call the breach of a contract something other than a breach or to say he continued the performance of a contract when the wrongdoer prevented him from further performing. Generally, when a wrongdoer breaches performance of a contract, the injured party is required to take cognizance of the change in the relation thereby created."

■ We think the judgment of the Kansas State Court constituted res judicata and precluded plaintiff from again litigating the issue here sought to be presented. If there is any doubt as to this conclusion, it would seem to be clear that plaintiff's cause of action is barred by the statute of limitations. Plaintiff relies upon the written contract between the Railway Company and the Order of Railroad Telegraphers. For breach of that contract suit if brought in Kansas must be brought within five years. Section 60-306, First, General Statutes Kansas, 1935. The same period is prescribed by the Nebraska statute. Sec. 20-205, Compiled Statutes, Nebraska, 1929. We are clear that plaintiff's cause of action accrued when he was discharged on October 5, 1932. This action was not commenced until eleven years after its accrual. Baron

v. Kurn, supra; Barry v. Detroit Terminal R. Co., 307 Mich. 226, 11 N.W.2d 867, 869. In Barry v. Detroit Terminal R. Co., supra, plaintiff brought action for breach of a collective bargaining contract. In sustaining the plea of the statute of limitations the court said:

"If, as claimed by plaintiff, his contract gave him seniority rights over these men, their reemployment in January, February and March of 1934 was a breach of his contract. This breach of contract occurred more than six years prior to April 18, 1940, when suit was commenced. Plaintiff's cause of action arose when the breach occurred."

Being of the view that the judgment secured by plaintiff against the defendant in the State Court of Kansas is a bar to his right to any relief in the instant case and that in any event his suit is barred by the statute of limitations, we pretermit consideration of the other questions presented in the briefs of respective counsel. Motions of the respective parties to supplement the record on appeal submitted at the time of oral argument are denied.

The judgment appealed from is therefore affirmed.