**CHICAGO, ST. P., M. & O. RY. CO. v. PENDER DRAINAGE DIST.**

**No. 647.**

District Court, D. Nebraska,
Omaha Division.

June 17, 1946.

Wymer Dressler (of Dressler & Neely), of Omaha, Neb., for plaintiff.

Robert R. Moodie, of Westpoint, Neb., and Roy B. Carlberg, of Pender, Neb., for defendant.

DONOHOE, District Judge.

The Chicago, St. Paul, Minneapolis & Omaha Railway Company, alleging that it is a railroad corporation organized under the laws of the state of Wisconsin and a citizen and resident of that state, brings this action against the Pender Drainage District, as a corporation organized under the laws of the state of Nebraska, C.S. 1929, Sec. 31-501 et seq., and a citizen and resident of this state.

After averring that the action involves the necessary jurisdictional amount, and the existence of other prerequisites for the exercise of federal jurisdiction, the complaint sets forth two alleged causes of action.

Summarizing briefly the allegations, for only the purposes of the motion now pending before the court, it is alleged for the first cause of action that in 1918 the defendant, without acquiring by condemnation proceedings or otherwise any right to encroach upon the plaintiff's railroad right of way, constructed a public drainage ditch which, after passing under the plaintiff's tracks north of the city of Pender, Nebraska, was built with its center line 65 feet east of the east right of way line of plaintiff's railroad right of way. It is alleged that the ditch, which parallels the right of way for two miles, has considerable fall as it proceeds southward, and that within the past ten years erosion from waters in the ditch has encroached upon plaintiff's right of way and undermined plaintiff's tracks at various points, thereby damaging plaintiff's property.

Plaintiff alleges that the defendant, by means of its ditch and the natural erosion caused by the waters therein, has appropriated and damaged plaintiff's property for public use within the meaning of the provisions of the Constitution of the State of Nebraska providing that private property shall not be taken or damaged for public use except upon just compensation to the owner. Const.Neb. art. 1, § 21.

Relying upon its alleged constitutional right to compensation for the taking of private property for public use, the plaintiff asks for judgment against the defendant in the amount of $13,108.98, as compensation for damages caused by the defendant through the instrumentality of its ditch. (This amount represents expenses claimed to have been incurred by the plaintiff for labor and material used in maintaining its road as a result of erosion caused by defendant's ditch.)

For the second cause of action, plaintiff alleges that the presence of the defendant's ditch paralleling plaintiff's track constitutes a public nuisance causing special damage to the plaintiff by interfering with plaintiff's ability to operate its railroad as

required by plaintiff's public duties as a common carrier engaged in interstate commerce.

Plaintiff asks for a mandatory injunction requiring the defendant to re-route its ditch so as to take it away from its proximity to plaintiff's tracks.

The defendant has filed an answer setting forth numerous matters alleged as defenses to the action, and including a counterclaim. In response, the plaintiff has filed a motion to strike certain allegations and parts of the answer, the motion being directed particularly to allegations in paragraphs IX to XIV inclusive of the answer.

Briefly, it is the plaintiff's contention that such allegations are erroneous conclusions, argumentative, incompetent, irrelevant and immaterial, and do not constitute a defense.

The motion to strike will be considered in the light of principles which are settled in the field of federal procedure. In considering a motion to dismiss for lack of jurisdiction, this court in Molena et al. v. Woodman of the World Life Insurance Society, a corporation, D.C.,[1] with the present judge presiding, said: "The rules of civil procedure under which we operate do not require the same exactitude of pleadings that was necessary under the former procedure. Instead of requiring a cause of action to be stated, as was formerly the case, all that is required is 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Under the rules, the Court is required to afford such relief as the facts warrant, whether prayed for or not. The practice of terminating litigation because of informality or insufficiency of statement has been consistently disapproved by our Circuit Court. The whole trend of decision seems to be that it is the duty of the Court to afford the plaintiff an opportunity to present the facts in support of the claim, and from the facts determine the presence or lack of jurisdiction and right of recovery. See Leimer v. State Mutual Life Assurance Co., 8 Cir.,

108 F.2d 302, 305; Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312; Sparks v. England, et al., 8 Cir., 113 F.2d 579. This is particularly true where the question of laches or estoppel is asserted."

It may appropriately be inserted here that paragraph X of the answer alleges matters claimed to create an estoppel against the plaintiff. In the Leimer case [108 F.2d 305], cited in the above quotation, Judge Sanborn said:

"Long before the Rules of Civil Procedure for the District Courts of the United States became effective, this Court had frequently disapproved the practice of attempting to put an end to litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, we said:

" 'A suit should not ordinarily be disposed of on such a motion (a motion to dismiss the bill for want of equity) unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. To warrant such dismissal, it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated. * * *

" 'That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill.'

"In Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312, this Court said: 'As is usual in the case of demurrers and motions to dismiss pleadings, the parties are not in accord as to what facts are "well pleaded". We think it would serve no useful purpose to attempt to sift the complaints, which cover some 40 pages of the record, in an endeavor to separate facts, evidentiary and ultimate, from the

---

[1] No opinion for publication.

mere conclusions of the pleaders. We are of the opinion that if, in view of what is alleged, it can reasonably be conceived that the plaintiffs and the intervenors could, upon a trial, establish a case which would entitle them to injunctive relief, the motion to dismiss should not have been granted.'"

In Publicity Building Realty Co. v. Hannegan, 8 Cir., 139 F.2d 583, at pages 586 and 587, Judge Sanborn said: "The Federal Rules of Civil Procedure [28 U.S.C.A. following section 723c] do not sanction the disposition of doubtful issues of fact or law upon motions to dismiss for insufficiency of pleadings. The Rules contemplate a determination of all such issues by the trial court after a hearing, and that the trial court shall make findings of fact and conclusions of law, to the end that the parties to the litigation and the reviewing court may know the exact factual and legal basis for the trial court's decision."

Again, in Howard v. Chicago, Burlington & Quincy R. Co., a corporation[1] affirmed in 8 Cir., 146 F.2d 316, certiorari denied 324 U.S. 879, 65 S.Ct. 1028, 89 L.Ed. 1431, this court said: "In view of these considerations, we have concluded to follow the well established practice of the Federal Courts to allow a case involving important matters to go to issue and proof, where a doubtful question is raised by the pleadings, and to overrule a demurrer or motion to dismiss, unless they are founded upon clear propositions. We feel that before we should pass on the questions of election of remedies, the statute of limitations, and res adjudicata, we should have all of the material facts in the case."

I quote the second head note in Samuel Goldwyn Inc., et al. v. United Artists Corporation, D.C.N.Y., 35 F.Supp. 633: "A motion to strike paragraphs of complaint should be granted only when the allegations thereof have no possible relation to the controversy, and if the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied."

The above rule was approved and followed in French v. French Paper Co., D.C.Mich., 1 F.R.D. 531.

The foregoing principles, while announced with respect to considering the allegations of a complaint as against a motion to dismiss, are equally applicable in cases involving the sufficiency of allegations in an answer as against a motion to strike such allegations from the pleadings.

Under the rules prevailing in this court, the motion will at this time be overruled, without prejudice to any question raised by either party touching this motion.

---

[1] No opinion for publication.